ANDREW H. WARD *vs.* ELIZA A. PECK.

A bill in equity waiving answer under oath cannot be maintained as a bill of discovery.
A bill in equity cannot be maintained simply upon the allegations that the plaintiff, being indebted to the defendant, has overpaid him, and that the defendant alone kept the accounts between the parties, so that the plaintiff has no remedy at law.

BILL IN EQUITY alleging that for five years previous to November 9, 1870, the plaintiff was in the habit of taking loans of money of one A. G. Peck; that in taking the loans, he deposited with Peck, as collateral security, notes secured by mortgages, bonds, checks, certificates of stocks, and indorsements; that he was in the habit of making payments to Peck on account, and taking up the collateral securities from time to time, whenever Peck stated that sufficient money had been paid him to release the securities, or a portion of them; that though often requested, Peck never made and delivered to him a full and just account , that the account of the collateral securities and of the various sums of money loaned had been kept by Peck alone, and not by the plaintiff; that the plaintiff paid at various times large sums of money which were not credited as payments; that he had no way of arriving at a correct account of the transactions, but that Peck kept a full account of them; that no settlement of the accounts was ever made between them; that Peck died in November, 1870; that his widow, Eliza A. Peck, was duly appointed he administratrix of his estate, and had since acted as such; that

the plaintiff had often requested the administratrix to render a full and just account of the transactions between himself and her said husband, and that she had promised but neglected to do so ; that the plaintiff had reason to believe that the estate was indebted to him in the sum of $5000 on account of these transactions, and that he was informed and believed that it was able to pay every demand which might be proved to be due him on account of the transactions. The bill, alleging that the plaintiff was without remedy at law, continued as follows :

" To the end therefore that your orator may have the relief hereinafter prayed ; and that the defendant may present a fair and just account of the aforesaid transactions between your orator and the said A. G. Peck (waiving answer under oath) ; and that the sum found due your orator may be decreed to be paid to him ; and that your orator may have such further and other relief in the premises as the nature of his case shall require ; " and concluded with a prayer for a subpœna.

The defendant demurred to the bill upon the ground that it did not state a case which entitled the plaintiff either to the discovery sought or to relief.

The case was reserved by *Ames, J.,* upon bill and demurrer, for the consideration of the full court.

*H. C. Hutchins & A. S. Wheeler,* for the defendants.

*I. D. Van Duzee,* for the plaintiff.

GRAY, C. J.    This bill cannot be maintained for discovery, because it waives an answer under oath ; nor for relief, because the plaintiff has a plain, adequate and complete remedy at law by an action for money had and received.   Gen. Sts. *c.* 113, §§ 2, 4.    8th Rule in Chancery, 104 Mass. 570.

*Demurrer sustained, and bill dismissed.*