WALTER E. PHILLIPS & another *vs.* GRACE McCANDLISH, administratrix, & others.

Suffolk.    May 24, 1921. — June 30, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Probate Court,* Jurisdiction.   *Equity Jurisdiction.*

The beneficiaries of a trust under the will of their father, who also were the sole heirs at law and next of kin of their mother, made an agreement among them-

selves and with the trustee under their father's will and a third person whereby the trustee placed in the hands of the third person certain funds to which the beneficiaries had become entitled and with which the third person was, first, to pay to the trustee compensation as determined by arbitrators to whom the trustee and the beneficiaries had agreed to refer its determination, second, to pay other debts of the father, third, to pay inheritance and succession and estate taxes, both State and federal, due in the administration of the estate of their mother, and, fourth, to distribute the balance to the heirs. It appearing that the arbitrators failed to agree upon compensation to be paid to the trustee and that there was no reasonable ground for believing that they ever would make an award, the trustee demanded from the third person a return of the funds and, the funds not being returned, filed an account in the Probate Court in which he charged himself with the fund as then standing in the name of the third party under the agreement with him, and the next day filed a petition in equity in the Probate Court to have the agreement under which the third person held the funds declared null and void, which, upon the death of the trustee, the administratrix of his estate, who also was appointed to succeed him as trustee, was admitted to prosecute. Certain of the beneficiaries entered appearances in the Probate Court in opposition to this petition and subsequently, while the petition was pending in the Probate Court, brought a suit in equity in the Supreme Judicial Court, in which the administratrix of the estate of the trustee and the third person and the other beneficiaries were made defendants, and in which the plaintiffs sought to compel the application by the third person of the funds in his hands for payment of the State and federal succession and estate taxes due in the administration of the estate of the mother of the beneficiaries. *Held,* that

(1) The Probate Court had jurisdiction in equity under R. L. c. 162, § 5 (G. L. 215, § 6), of the petition of the trustee to have the agreement under which the third person held the funds declared null and void;

(2) The Probate Court, having also acquired jurisdiction to determine the controversy as to the trustee's compensation and the settlement of his account, had acquired exclusive jurisdiction of all the matters included in the suit in the Supreme Judicial Court before that suit was brought, and that suit must be dismissed.

BILL IN EQUITY, filed in the Supreme Judicial Court on December 8, 1920, by two of the four heirs at law and next of kin of E. Burt Phillips and of Martha Briggs Phillips, his wife, against Grace McCandlish, administratrix of the estate of John McCandlish, Frank H. Stewart and two others of the heirs, to compel the defendant Stewart to apply so much of certain money, which had been placed in his possession under the provisions of an agreement described in the opinion, as was necessary to the payment of inheritance and succession and estate taxes, both State and federal, due from the estate of Martha Briggs Phillips or from the beneficiaries thereunder, respectively, as heirs at law, next of kin, or legatees or devisees of said Martha Briggs Phillips, and for further relief.

The suit was heard by *Braley, J.* Material facts found by him are described in the opinion. At the request of the parties he reported the case to the full court for determination upon the pleadings and his findings of fact.

The case was submitted on briefs.

*E. F. McClennen & A. W. Rice,* for the plaintiffs.

*F. H. Chase, C. S. Wing & H. S. MacPherson,* for the defendants.

CARROLL, J. John McCandlish was trustee under the will of E. Burt Phillips, which was admitted to probate in the county of Middlesex. In 1919, under the terms of the will, Walter E. Phillips, Alice B. Cornett, Ralph B. Phillips and Otis S. Phillips (hereinafter called the heirs), became entitled to the trust estate. A part of this estate consisted of the sum of $41,800 represented by a certificate of deposit. The heirs were also the only heirs and next of kin of their mother, who died in this Commonwealth in 1918. On her estate there are due a federal estate tax of approximately $26,138.55 and a State inheritance tax of approximately $15,000. On or about May 9, 1919, the heirs and McCandlish executed an agreement referring the question of the amount of compensation to be awarded McCandlish to three arbitrators. On May 10, 1919, the heirs signed an agreement requesting McCandlish to transfer to Frank H. Stewart the certificate of deposit for $41,800, to be held by Stewart, (1) to pay to McCandlish such sums as the arbitrators should award him for his services as trustee; (2) with the balance to pay any other debts of E. Burt Phillips; (3) with the balance remaining to pay the State and federal inheritance taxes due from the estate of Martha Briggs Phillips; and (4) to pay the balance to the heirs. Stewart received the certificate of deposit.

The single justice found, there was no reasonable ground to believe that any award will ever be made under the arbitration agreement, or that the arbitrators can reach an agreement on the questions submitted; that McCandlish did not at any time waive or intend to waive his right to compensation for services as trustee; that on the failure of the arbitrators to agree, McCandlish demanded the return of the certificate of deposit, and on July 29, 1920, filed a petition in the Probate Court for the county of Middlesex, praying the court to declare null and void the agreement under which the certificate of deposit was transferred to Frank H.

Stewart; that McCandlish, subsequently to the arbitration agreement, filed in the Probate Court an account, charging himself with the certificate of deposit; that McCandlish died, and Grace McCandlish, the administratrix of his estate, was appointed trustee under the will of Phillips, and by decree of the Probate Court was admitted to prosecute in that court the petition then pending to declare null and void the transfer of the certificate of deposit to Stewart. This bill was filed on December 8, 1920, and is brought by two of the heirs, to compel the respondent Stewart to carry out the trust according to the agreement.

As McCandlish was the trustee under the will of E. Burt Phillips, the Probate Court had jurisdiction to determine the amount of his compensation and to adjust his accounts. *Green* v. *Gaskill*, 175 Mass. 265. *Moyer* v. *Bray*, 227 Mass. 303. *Day* v. *Old Colony Trust Co.* 228 Mass. 225, 229, 230. On July 28, 1920, before the present bill in equity was filed, there was filed in the Probate Court the trustee's second account wherein he charges himself with the certificate of deposit, $41,800, standing in the name of Stewart under a certain agreement between the accountant and the *cestui que trust;* and on July 29, 1920, the certificate not being returned to him after the arbitrators had failed to agree on the amount of his compensation, and he had demanded its return, he brought the petition in the Probate Court praying that said court would declare the agreement for the transfer of the certificate of deposit null and void; this proceeding is still pending the plaintiffs herein having filed a general appearance in opposition thereto.

The certificate of deposit belonged to the estate of E. Burt Phillips. It was a part of the funds held by the trustee under his will, and the fact that it was deposited with Stewart under an agreement which cannot be carried out by reason of the action of the arbitrators, does not take from the Probate Court its jurisdiction. Under R. L. c. 162, § 5; G. L. c. 215, § 6, the Probate Court had jurisdiction in equity, concurrent with the Supreme Judicial and Superior Courts in all cases relative to the administration of estates of deceased persons, to wills or to trusts created by will or other written instrument; and the proceeding in the Probate Court for the return of the certificate to the trustee under the will was a matter relating to the administration of the estate, the will

and the trust created by the will.   *Stowell* v. *Ranlett,* 238 Mass. 600.   See in this connection *Swasey* v. *Jaques,* 144 Mass. 135.

The accounts of McCandlish could not be settled until the certificate was accounted for; and as it has been found that he had not waived his right to compensation, his compensation could not be ascertained under the agreement, and the Probate Court retained its jurisdiction to determine the question.   The petition of McCandlish was pending in the Probate Court and his second account as trustee had not been allowed when the present bill in equity was brought in this court.   The Probate Court, therefore, acquired exclusive jurisdiction to act on the matters involved in the proceedings pending before it.   *Nash* v. *McCathern,* 183 Mass. 345.   *Allen* v. *Hunt,* 213 Mass. 276.   *Dorsey* v. *Corkery,* 227 Mass. 498, 500.   See *Consolidated Ordnance Co.* v. *Marsh,* 227 Mass. 15.

There is nothing in *Nashua Savings Bank* v. *Abbott,* 181 Mass. 531, *Holmes* v. *Holmes,* 194 Mass. 552, *Blount* v. *Wheeler,* 199 Mass. 330, *Davison* v. *Wyman,* 214 Mass. 192, cited by the plaintiffs in conflict with what is here decided.

*Bill dismissed with costs.*