BENJAMIN DERBY & others *vs.* SARAH W. DERBY & others.

Middlesex.    January 17, 1924. — February 29, 1924.

Present: RUGG, C.J., DECOURCY, PIERCE, & CARROLL, JJ.

*Probate Court*, Jurisdiction.   *Equity Jurisdiction*, Specific performance of oral contract to convey real estate, Laches.   *Frauds, Statute of.*   *Equity Pleading and Practice*, Parties.

The Probate Court has no jurisdiction to compel specific performance of an oral promise, made during his lifetime by a testator, whose estate is being administered in the Probate Court, to convey certain land to his son, the plaintiff, such a matter not being " relative to the administration of the estate " and that court not being given concurrent jurisdiction thereof with the Superior Court by G. L. c. 215, § 6.

The fact that, in proceedings in the Probate Court, daughters of a testator are seeking to charge his son, trustee under the will, with rent of a certain house and lot on the ground that such property was not the son's but was devised under the terms of the will, does not prevent the son from prosecuting in the Superior Court a suit in equity for specific performance of an oral promise by the testator to convey the property to him.

Where the defendants in a suit in equity have demurred to the bill on several grounds and the demurrer is sustained on a ground taken *ore tenus* at the hearing, and the plaintiff has appealed, this court, after determining that the demurrer should not have been sustained on the ground taken *ore tenus, held* that it was necessary to consider the other grounds set forth specifically.

An oral agreement to convey land may be enforced specifically in equity, notwithstanding the statute of frauds, where the agreement has been partly performed by the party seeking to enforce it, by taking possession and making improvements upon the real estate, so that he cannot be restored to his original position.

Allegations in a bill in equity by a son of a testator against his sisters, daughters of the testator, to require specific performance of an oral agreement by the testator to convey to the plaintiff a certain lot of land in consideration of the plaintiff's continuing to live with the testator on his homestead place, were that the promise was made in 1901, that the testator died in 1908, that by the terms of the will all the

property of the testator was given to the plaintiff in trust for the widow, a brother of the testator, and the daughters of the testator, that the real estate in question was not included in the executor's inventory and that no inventory was filed by the trustee, that the brother of the testator died in 1922 and that a controversy as to the right of the plaintiff to the real estate in question then was raised, resulting in the bringing of the suit in 1923. *Held*, that such allegations did not require a sustaining of a demurrer on the ground that the plaintiff was guilty of laches, since he was under no obligation to assert his equitable title until after the repudiation of his right.

In the suit above described, it was not necessary to join the plaintiff as trustee under the will, since he already was a party to the suit as an individual and it did not appear that he ever took possession of the real estate in question as trustee.

BILL IN EQUITY, filed in the Superior Court on July 10, 1923, and afterwards amended, seeking specific performance of an oral promise by the father of the plaintiff, Benjamin Derby, to convey certain real estate to the plaintiff.

The defendants were the mother and sisters of the plaintiff Benjamin Derby. The sisters demurred to the bill on the following grounds:

" 1. That the plaintiffs have not stated in their bill such a cause as entitled them to any relief in equity against these respondents or either of them.

" 2. That the plaintiffs have a plain, adequate and complete remedy at law.

" 3. Statute of frauds.

" 4. Laches.

" 5. That Benjamin Derby as he is trustee under the will of Benjamin Derby deceased, is a necessary party to the bill."

The demurrer was heard by *Wait*, J., and was " sustained on the ground taken *ore tenus* that the Probate Court having jurisdiction of the account of the trustee Benjamin Derby which involves the question of the corpus of the trust has jurisdiction in equity to determine whether the premises of the Orchard Lot are part of that corpus and such jurisdiction excludes this court." By order of the judge, a final decree was entered dismissing the bill. The plaintiffs appealed.

*G. K. Gardner*, for the plaintiffs.

*C. S. Wing*, for the defendants.

DeCourcy, J.  The amended bill in equity, brought in the Superior Court by Benjamin Derby (herein referred to as the plaintiff) and his assigns Tyler and Duncan, seeks among other things to obtain specific performance of an oral promise to convey land, made by Benjamin Derby, Sr., now deceased.  The defendants Sarah W. and Annie H. Derby (who demurred to the bill) and the plaintiff are the only children of said Benjamin Derby, Sr., and the defendant Anna E. Derby is his widow.  The trial judge entered an order sustaining the demurrer, and a final decree dismissing the bill; and the plaintiffs appealed to this court.

The facts alleged are in substance as follows: In 1901 Benjamin Derby, Sr., owned and occupied with his family the " Derby Homestead Place," comprising about twenty-five acres at Concord Junction in the town of Concord, Massachusetts.  A portion of this property, bounding southerly on Main Street, was known to the family as the Orchard Lot. In that year the plaintiff, being then about to be married, informed his father of his intention to build a house upon a lot which he owned in another part of Concord and to establish his home there.  Thereupon Benjamin Derby, Sr., urged the plaintiff to continue living with him on the Homestead Place, and in consideration of the plaintiff's agreeing to do so gave him said Orchard Lot, put him in possession thereof, and promised him that if he would build his proposed house thereon and make his home there, he (Benjamin Derby, Sr.,) would convey the lot to the plaintiff in fee simple.  In reliance on, and in consideration of, this promise the plaintiff at his own expense built on said lot a house which cost considerably more than the value of the land. Ever since his marriage he has occupied this house and lot as his own, and brought up his family there; and until recent months his sole right thereto was always acknowledged by his father or by the defendants.

In 1908 Benjamin Derby, Sr., died, and his will was admitted to probate February 26, 1908.  By its terms all his property, during the lives of the testator's widow, Anna E., and his brother Edward Derby, was given to the plaintiff upon certain trusts for their benefit.  Upon the death of

said widow and brother the real estate goes in fee simple to his three children, Benjamin, Sarah W. and Annie H. Derby, in equal shares.

The plaintiff was appointed and qualified as executor and trustee under the will, but did not take possession of the " Orchard Lot " as executor or trustee; his executor's inventory, of which the defendants had notice, was filed April 1, 1908, and the Orchard Lot and house did not appear therein. Until the present dispute arose he filed no inventory as trustee. The defendants now claim that said lot and house are a part of the property devised under the terms of said will; and are seeking, in proceedings pending in the Probate Court upon the plaintiff's account as trustee, to charge him with the rent of this house and lot since the testator's death.

The testator's brother Edward Derby died in 1922. In July, 1923, the plaintiff Benjamin Derby assigned to the other plaintiffs, Tyler and Duncan, all his interest in the Orchard Lot arising out of his father's agreement to convey, and all his interest in the Derby homestead property under the will.

The principal prayer of the bill is for the specific performance of the testator's oral promise to convey the " Orchard Lot," — by appropriate conveyances and releases running from the defendants to the plaintiff or to his assigns Tyler and Duncan. The defendants demurred on five grounds, hereinafter discussed. The demurrer was expressly sustained on a sixth ground, taken *ore tenus,* that the Probate Court had exclusive jurisdiction of the case.

If the subject matter of the present suit were the same as that involved in the proceedings upon the trustee's account pending in the Probate Court, and these courts had concurrent jurisdiction thereof, undoubtedly the Probate Court, to which application was first made, would have acquired exclusive jurisdiction. *Phillips* v. *McCandlish,* 239 Mass. 301. *Dorsey* v. *Corkery,* 227 Mass. 498. But in our opinion the Probate Court has no jurisdiction to compel specific performance of the oral promise, made by Benjamin Derby, Sr., to convey land to the plaintiff. Obviously such relief

is within the general chancery jurisdiction of the Superior Court. G. L. c. 214, § 1. But Probate Courts have equity jurisdiction only in those cases where it is expressly conferred upon them. *Bailey* v. *Dillon*, 186 Mass. 244, 247. Specific performance is not included in the matters over which the Probate Court is given concurrent jurisdiction by G. L. c. 215, § 6. What the plaintiff is seeking is not, within said § 6, a matter " relative to the administration of the " estate of Benjamin Derby, Sr., nor to his will, except as the adverse claim may affect the corpus of the estate to which the will applies; nor does it relate to " trusts created by will or other written instrument," as it is not based on the will, and might have been enforced against the testator during his life. If there were any doubt as to this construction of said § 6, it would be removed when it is recalled that the Legislature long since conferred power on the Probate Court to enforce specific performance, but expressly limited that jurisdiction to certain cases where there is a written agreement for the conveyance of real estate. Rev. Sts. c. 74, §§ 8–13. G. L. c. 204, § 1. Accordingly the plaintiffs are entitled to prosecute their suit for specific performance in the Superior Court, notwithstanding the litigation on the trustee's account pending in the Probate Court.

Although the defendants have not argued the other grounds of demurrer, it is necessary to consider them briefly in view of the conclusion reached on the question of jurisdiction. It is too well settled for discussion that an oral agreement to convey land may be specifically enforced in equity, notwithstanding the statute of frauds, where the agreement has been partly performed by the party seeking to enforce it, by taking possession and making improvements upon the estate, as alleged in this bill, so that he cannot be restored to his original situation. *Williams* v. *Carty*, 205 Mass. 396. *Curran* v. *Magee*, 244 Mass. 1, 5. As to laches, " the plaintiff was under no obligation to assert his equitable title until after a repudiation of his right;" and in the circumstances alleged in the bill it cannot be said as matter of law that he is barred by laches. *Low* v. *Low*, 173 Mass. 580, 582, 583. Finally, no argument has been advanced as to the necessity

of making " Benjamin Derby as he is trustee under the will of Benjamin Derby, Sr., deceased " a party to the bill. Benjamin Derby is already a party plaintiff, and the court can adjudicate his rights with respect to the matter in suit. And it must be borne in mind that according to the allegations in the bill he never took possession of the " Orchard Lot " as trustee; nor until recently did the defendants claim that this lot and house were a part of the testator's estate, or that the plaintiff occupied the same as trustee.

The decree must be reversed, and a decree entered overruling the demurrer.

*Ordered accordingly.*