ELIZABETH PUTNAM *vs.* JOHN F. SCAHILL.

Norfolk.    February 7, 1929. — March 25, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Equity Jurisdiction,* Accounting by fiduciary, To relieve from results of fraud. *Fiduciary. Agency.*

Facts alleged in a bill in equity by a woman against her former chauffeur were in substance that a part of the defendant's duties, which he had agreed to perform, were the purchase of supplies for her automobile, he to advance the purchase price and she to reimburse him for money so spent; that the defendant had presented false bills stating that he had purchased supplies which he had not purchased and that she had paid him amounts shown by such bills; that she relied upon the defendant to perform his duties as her personal chauffeur faithfully, honestly and prudently, and believed at the times she paid him such sums that he had purchased the supplies at the prices they were billed to her; and that, though often requested, the defendant had refused to account to the plaintiff for the supplies which he asserted he purchased and for the moneys she had paid him for them. There was a further allegation "That the defendant was, in such employment, a fiduciary, owing to the plaintiff a duty of full and accurate disclosure on all purchases of supplies." On demurrer, it was *held* that

    (1) The allegation last quoted above was a conclusion of law;

    (2) While the general rule is that the mere relation of principal and

agent is not sufficient to warrant a decree for an accounting, the facts alleged in the bill presented a case of fiduciary relation and fraud;

(3) In the circumstances set forth in the bill, there was at least concurrent jurisdiction in equity.

BILL IN EQUITY, filed in the Superior Court on July 6, 1928, and described in the opinion.

The defendant demurred to the bill. The demurrer was heard by *Callahan*, J., who ordered it overruled and reported the ruling for determination by this court.

*J. P. Rooney*, (*D. J. Lyne* with him,) for the defendant.

*B. Potter*, (*S. C. Rand* with him,) for the plaintiff.

PIERCE, J. This is a bill in equity brought under G. L. c. 214, § 3 (6), for an accounting. The defendant demurred to the bill assigning as reasons therefor (1) "That the complainant has not stated in her bill such a cause as entitles her to any relief in equity against the respondent"; and (2) "That the plaintiff has a full and complete remedy at law for any and all the alleged legal wrongs set out in her bill of complaint." The demurrer was overruled and the case comes before us on a report. G. L. c. 214, § 30.

The demurrer admits all facts alleged in the bill well pleaded; it does not admit conclusions of law. The facts thereby admitted are that, in 1924, the plaintiff employed the defendant to act as her personal chauffeur, and the defendant continued so to act until February, 1928; that a part of the duties agreed to be performed by the defendant consisted of the purchasing of supplies for the plaintiff's automobile, as such supplies should be required, including the purchase of tires and inner tubes; that the understanding between the plaintiff and defendant at the time of the defendant's employment was that he should purchase and pay for supplies for her automobile as needed, and that she should reimburse him for money so spent; that during the year 1927, the defendant presented to the plaintiff bills or memoranda in his own handwriting for nineteen tires and nineteen inner tubes, amounting in all to $1,871.79, and that she paid to him the amount of each bill, the total payments so made aggregating $1,871.79; that the defendant did not actually purchase for or use on her automobile nineteen tires and inner

tubes or any substantial portion of that number, but caused her to pay him for tires and inner tubes which he did not actually purchase for her automobile or use upon it; that the price at which the defendant billed said tires and inner tubes to her and the price at which she paid him for them was exorbitant, and far in excess of the price at which such tires and inner tubes could have been purchased in the retail market during the year 1927; that the plaintiff relied upon the defendant to perform his duties as her personal chauffeur faithfully, honestly and prudently, and believed at the times she paid him the aforesaid moneys that he had purchased the tires and inner tubes at the prices they were billed to her, and that until about February, 1928, she was ignorant of the alleged unfaithful and dishonest acts on the part of the defendant hereinbefore complained of; that she has repeatedly requested him to account to her for the tires and inner tubes which he claimed he purchased for her automobile, and for the moneys she has paid him for them, but the defendant refuses to do so.

The fundamental question for our decision is, Are the accounts between the plaintiff and defendant of such a nature that they cannot be conveniently and properly adjusted and settled in an action at law?

The defendant here, if more than a servant of the plaintiff, was an agent for the limited purpose described in the bill. Although the relation of principal and agent may partake of a fiduciary character, ordinarily it does not, and consequently the general rule is that the mere relation of principal and agent is not sufficient to warrant a decree for an accounting. *Campbell* v. *Cook*, 193 Mass. 251, 256. The allegations of the bill, ''That the plaintiff relied upon the defendant to faithfully, honestly and prudently perform his duties as her personal chauffeur and believed at the times she paid him the aforesaid moneys that he had purchased the said tires and inner tubes and that he had purchased them at the prices at which they were billed to her by the defendant, and that until about February, 1928, she was ignorant of the alleged unfaithful and dishonest acts on the part of the defendant hereinbefore complained of '' add nothing jurisdictional to the

allegation of the bill, which is a conclusion of law, "That the defendant was, in such employment, a fiduciary, owing to the plaintiff a duty of full and accurate disclosure on all purchases of supplies." *Brown* v. *Corey*, 191 Mass. 189. There are no allegations in the bill that each of the parties has received and paid on account of the other. The accounts are all on one side, and there is no allegation that they are so complicated or difficult that they cannot be stated or settled at law. *Williams* v. *Finlaw, Mueller & Co. Inc.* 292 Penn. St. 244.

On the admitted facts the relation of the parties was confidential and fiduciary, and the defendant was under the ordinary obligations of a trustee to act solely in the interest of the plaintiff in the advancement and expenditure of money at her request and, later, in the presentment of a true account of his services and in the receipt of the demanded money. *Lindsay* v. *Swift*, 230 Mass. 407, 412. The account rendered of the expenditure of money was false in part; the bill rendered was paid in reliance on the truth of the items of alleged payments. The facts present a case of fiduciary relation and fraud. In such circumstances equity has at least concurrent jurisdiction. The demurrer was overruled rightly and the case is to stand for further proceedings in the Superior Court.

*Ordered accordingly.*