FELIX F. VON WILMOWSKY, Appellant, v. EDWIN J. PRINDLE and Others, Respondents, Impleaded with OLGA PIEPER and Another, Defendants.

First Department, April 5, 1929.

F. F. Von Wilmowsky, the appellant in person.

Wilson B. Brice of counsel [Merrill, Rogers, Gifford & Woody, attorneys], for the respondents.

MARTIN, J. The complaint alleges that the plaintiff and his brother Erwin, for a valuable consideration, contracted to make mutual wills; that each did make a will in which the other was named as sole legatee; that Erwin, now deceased, in violation of this contract made a new will the day before he died, in which he named his sister as his beneficiary; that the defendant Edwin J. Prindle was the executor named in this will and the defendant John D. Fearhake was the attorney for the executor.

The allegations of the complaint are sufficient to establish that the plaintiff was in a position to enforce the contract to make a will and could have brought an action making himself the beneficiary of his brother's estate. After the death of the plaintiff's brother it is alleged that the defendants Pieper, Prindle and Fearhake, with knowledge of the plaintiff's contract with his brother to make mutual wills and his ability to enforce that contract, fraudulently concealed from the plaintiff the true assets of the estate, willfully misrepresented that the estate was of nominal value and induced the plaintiff to refrain from prosecuting his claim to the estate under his contract with his brother. It is then set forth that the defendants knew that the estate was of great value because of certain United States letters patent which were later issued to the estate; that the executor and his attorney actually filed a fraudulent account in the Surrogate's Court of Kings county, in which account they intentionally omitted all reference to the letters patent which had been issued and which were of great value and were sold for at least $32,000, although the exact price is not known to the plaintiff. It is alleged that the purchasers at this sale were represented by a law firm of which one defendant was a member, and that at the same sale he acted for the executor, being the attorney for the executor in whose name the patents had been issued.

The plaintiff asserts that the proceeds of the sale of these letters patent have never been accounted for, and that both the estate and the plaintiff have been defrauded by the defendants, who have conspired to accomplish the fraud.

The complaint contains many other allegations of fraud and conspiracy setting forth in detail the facts which it is said constitute the fraud. It is unnecessary to repeat these allegations at length.

It may be that plaintiff will have difficulty in establishing the facts alleged, but we are now dealing with a pleading only, and with an order dismissing a complaint, and must assume that the allegations can be established by plaintiff. Assuming that fact, the complaint states a good cause of action not only in law but for equitable relief.

In *Fur & Wool Trading Co., Ltd.*, v. *Fox* (245 N. Y. 215) it is said that equity will entertain a suit for an accounting " where such a relation exists between the parties as under established principles entitles the one to demand it of the other. (*Schantz* v. *Oakman*, 163 N. Y. 148; *Brown* v. *Corey*, 191 Mass. 189.) A trustee in possession of trust funds may in a proper case be called to account to his *cestui que trust* (*Brinckerhoff* v. *Bostwick*, 105 N. Y. 567), and this rule is enforced as well where the trust is implied as where it is express. * * * Such [equitable] jurisdiction is obtained where the trust fund has come into the hands of the trustee, where the *cestui que trust* is ignorant of its amount and of its subsequent fate, and where the trustee refuses to account."

The facts alleged are sufficient to give the plaintiff a remedy by an action in equity for fraud and conversion of an unknown amount, for which he is entitled to demand, as he does, that the property be treated as a trust estate and that he have an accounting and personal judgment against the trustee.

The order should be reversed, with ten dollars costs and disbursements, and the motion under rule 106 of the Rules of Civil Practice denied, with ten dollars costs, with leave to defendants to answer upon payment of said costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendants to answer upon payment of said costs.