GEORGE A. MORIN *vs.* JAMES S. ELLIS & others.

Suffolk.    November 14, 1933. — February 15, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE & LUMMUS, JJ.

*Equity Jurisdiction,* To enjoin proceedings at law, Adequate remedy at law. *Equity Pleading and Practice,* Demurrer.

Where, after the rendering of a verdict for the plaintiff in an action upon a contract, the defendant filed a motion for a new trial grounded on an alleged failure of consideration not known to him until after the trial, which motion was denied by the trial judge as a matter of discretion, the defendant thereafter could not maintain a suit in equity to rescind the contract and to enjoin further prosecution of the action and the enforcement of a judgment for the plaintiff entered therein, if the bill contained no allegation that any fraud had been practised upon the defendant in the action by the plaintiff therein or that such plaintiff had failed to disclose the fact which, that defendant contended, constituted the failure of consideration: that defendant had an adequate remedy at law.

An allegation in the bill in the suit in equity above described, that the plaintiff did not have an adequate remedy at law, was a conclusion of law not admitted by a demurrer to the bill.

BILL IN EQUITY, filed in the Superior Court on May 6, 1933, and afterwards amended, described in the opinion.

The defendants demurred. The demurrer was heard by

*Goldberg*, J., by whose order there was entered an interlocutory decree sustaining it, and a final decree dismissing the bill. The plaintiff appealed from both decrees.

*J. W. Eastman*, (*B. Kaplan* with him,) for the plaintiff.

*J. S. Ellis*, (*J. E. Picone* with him,) for the defendants.

CROSBY, J. The record in this case shows that A. Minella, Inc., brought an action of contract in the Superior Court against George A. Morin, the plaintiff in the present suit and recovered a judgment in the sum of $1,310. This bill in equity, as amended, seeks a decree declaring that the contract upon which the recovery in the action at law was based be rescinded and of no force and effect; that the defendants and their agents and assigns be enjoined from further prosecuting said action at law, from enforcing any judgment entered in said action at law, from assigning any verdict or judgment or other rights in said action, and for further relief. The defendants demurred to the bill. An interlocutory decree was entered sustaining the demurrer, and a final decree was entered dismissing the bill with costs. From these decrees the plaintiff appealed.

The bill, as amended, recites that in October, 1928, A. Minella, Inc., purchased certain plumbing and heating fixtures on credit, by conditional sale from Hirschfield and Mayer Company, to be installed in a house then being built in Brookline; that at that time the owner of the house and land was the Maple Realty Company; that notice of the conditional contract of sale was duly recorded in the registry of deeds and thereby the sellers acquired a lien on the property under the conditional contract on account of said plumbing and heating fixtures; that the plaintiff held a second mortgage on the real estate which he acquired subsequently to the time the house was built; that in July and August, 1929, A. Minella, Inc., represented to the plaintiff that it held a conditional contract of sale against the Maple Realty Company for the plumbing and heating fixtures which had been duly recorded, and that it had a statutory lien upon the realty; that in July or August, 1929, A. Minella, Inc., offered that, in the event of foreclosure of the second mortgage held by Morin, it would

accept the sum of $1,310 in full settlement of its claim and release and discharge its lien; that in fact A. Minella, Inc., never had any statutory lien by reason of any conditional contract of sale which was recorded in the registry of deeds; that in August, 1929, Morin foreclosed the second mortgage.

The bill further alleged that on or about January 20, 1930, A. Minella, Inc., made payments to Hirschfield and Mayer Company of $6,000 which were made in full settlement of the conditional contract of sale and thereby terminated the statutory lien on the real estate; that subsequent to the trial of the action at law brought by A. Minella, Inc., against Morin, Morin discovered that A. Minella, Inc., had paid the $6,000 to Hirschfield and Mayer Company. The bill further alleges that in December, 1931, A. Minella, Inc., brought the action at law against Morin, contending that Morin had promised to pay it $1,310 in consideration of the promise of A. Minella, Inc., that in the event of foreclosure by Morin of the second mortgage it would accept $1,310 in full settlement of its claim for installing and supplying the plumbing and heating fixtures, and would discharge the statutory lien; that in March, 1933, the plaintiff in the action at law obtained a verdict; "that at the time of the said action at law" and at all times prior thereto Morin had no knowledge of the payment of $6,000, as above set forth, and in that action he did not plead nor have the advantages of defences to which he was entitled because of lack of knowledge that the $6,000 had been paid; that in due course he filed a motion for a new trial on the ground that he had no knowledge of the payment of $6,000 by A. Minella, Inc., to Hirschfield and Mayer Company until after the trial of that case. The motion was denied as a matter of discretion by the trial judge. The bill also alleges that the defendants Ellis and Picone became assignees of A. Minella, Inc., with knowledge of all the facts set forth in the bill.

The only question for decision is whether upon the allegations of the bill the demurrer was rightly sustained. The action at law was brought to recover $1,310 which

Morin promised to pay A. Minella, Inc., under the terms of the agreement hereinbefore set forth. It is plain that the Superior Court had jurisdiction of the parties and of the alleged cause of action.

Ordinarily the denial of a motion for a new trial rests in sound judicial discretion. It was said in *Cunningham* v. *Ganley*, 267 Mass. 375, at page 376, that "The general rule is that an injunction will not be granted to restrain the defendant from proceeding with an action at law pending between him and the plaintiff if the latter can fully and completely protect his rights in such action." This court will not entertain a bill in equity to restrain the prosecution of an action at law, when the defence to it can be made as well at law as in equity. *Payson* v. *Lamson*, 134 Mass. 593, 598, 599.

It is argued by the plaintiff that, after the verdict was returned for A. Minella, Inc. in the action at law, he learned for the first time that A. Minella, Inc. had in January, 1930, paid the company that installed the plumbing and heating the sum of $6,000 which included the entire amount due it, and that thereby the lien on the real estate was terminated; that his motion for new trial set forth this fact as one of the grounds upon which the motion was based, and that this constituted a defence to the action which was not presented or tried. The plaintiff seeks in this suit in equity to rescind the contract on the grounds of failure of consideration which was not known by him at the time of the trial of the action of contract, and also that he was deprived of any right to institute any proceeding to prevent the enforcement of a judgment which might be entered in that action.

When there is concurrent jurisdiction at law and in equity the general rule is that the court which first acquires jurisdiction must decide the case. *Nash* v. *McCathern*, 183 Mass. 345, 347, 348. *Phillips* v. *McCandlish*, 239 Mass. 301, 305. The amended bill contains no allegation that the verdict in the action at law or any proceedings thereafter were obtained by fraud practised upon the defendant in that action by the plaintiff, or that there was failure

by the plaintiff in that action to disclose the fact that it had paid the full amount due on the conditional contract relating to the installation of the heating and plumbing apparatus. It follows that the bill cannot be maintained upon those grounds. *Amherst College* v. *Allen,* 165 Mass. 178.

Although the demurrer admits as true all the allegations of fact well pleaded in the bill as amended, it does not admit conclusions of law. It does not admit as true an averment that the plaintiff has no plain and adequate remedy at law. *Putnam* v. *Scahill,* 266 Mass. 537. It is apparent from the allegations of the bill that after the denial of the motion for new trial in the action at law the plaintiff had an adequate remedy at law to correct any error of law which he believed existed by reason of the judgment entered against him. He could have filed exceptions to the denial of his motion for a new trial, he could have petitioned for review or for a writ of error. *Brooks* v. *Twitchell,* 182 Mass. 443. *Joyce* v. *Thompson,* 229 Mass. 106, 107. *Savage* v. *Welch,* 246 Mass. 170, 176. *Long* v. *MacDougall,* 273 Mass. 386. He has not sought relief by resort to any of these remedies. It follows that the validity of the judgment in the former action cannot be determined in this suit in equity. His remedy for an erroneous judgment was given to him by a proceeding at law as above indicated. No reason is suggested by the plaintiff why he did not resort to an appropriate remedy given him at law instead of seeking relief by a bill in equity. It was said by this court in *Old Colony Boot & Shoe Co.* v. *Parker-Sampson-Adams Co.* 183 Mass. 557, at page 565: "It has been held that in the absence of fraud or collusion a court of equity does not assume control over the judgment of a court of law either to set it aside, grant a new trial, or restrain by injunction proceedings to enforce the judgment." Whether it would have been a bar to recovery in the action at law if it had been proved that payment by A. Minella, Inc., of $6,000 was made to the holder of the conditional contract of sale without the knowledge of Morin, and that Morin acted with due diligence in an

endeavor to discover the fact that such payment had been made, need not be considered in view of the conclusion here reached.  Upon an examination of the amended bill no ground for equitable relief appears.

As the demurrer was rightly sustained the entry will be

*Decree affirmed with costs.*