CITY OF WALTHAM *vs.* TUKAY FURS SERVICE COMPANY, INC. & another. March 31, 1978. The defendants moved to dismiss the complaint under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). The motions were allowed, and the plaintiff appeals from the judgments entered pursuant thereto. There was no error. The complaint alleges that in an earlier trial judgment was entered against the present plaintiff and in favor of the present corporate defendant for water damage to furs stored by the defendant and owned by its customers. That judgment was satisfied. After more than a year had passed, the plaintiff was informed that the corporate defendant had not paid all of the money which it had received in satisfaction of the judgment to the owners of the damaged furs. The plaintiff requested an accounting but did not receive one. The plaintiff then brought the present action in which the only relief demanded is for an accounting. The plaintiff bases its claim of right to an accounting on the sole allegation: "The money paid by the City to Tukay . . . was excessive and incorrect in that Tukay has paid to said customers a sum of money substantially less than it received from the City for said damages" and that the defendants have held the balance of that money for more than one year. The plaintiff

Rescript Opinions.

concedes that a fiduciary relationship between it and the defendants must be pleaded if its demand for an accounting is to withstand attack under Rule 12(b)(6), and it attempts to show that it was open on its pleadings (*Charbonnier* v. *Amico*, 367 Mass. 146, 152 [1975]) to find such a relationship. In addition to a sweeping but unsupported allegation "that a fiduciary relationship exists between a municipality and its residents," it cites the following cases in support of its contention: *Page* v. *Bent*, 2 Met. 371, 374 (1841). *Putnam* v. *Scahill*, 266 Mass. 537 (1929). *Quincy Trust Co.* v. *Taylor*, 317 Mass. 195, 198 (1944). *National Academy of Sciences* v. *Cambridge Trust Co.*, 370 Mass. 303 (1976). *Druker* v. *Roland Wm. Jutras Associates*, 370 Mass. 383 (1976). We are unable to read into those cases anything which supports the proposition that a plaintiff, who recovers damages for goods held by him as a bailee and who pays to his bailor an amount less than that recovered, is thus made a fiduciary and subject to account to the defendant for the difference. While it is clear that the present defendants are trustees for their bailors of the net amounts received in the earlier case on behalf of each (*Associates Discount Corp.* v. *Gillineau*, 322 Mass. 490, 492 [1948]), we find no authority in general and nothing in the particular facts alleged here to support a conclusion that such a relationship existed between the defendants and the present plaintiff. Compare *Brown* v. *Corey*, 191 Mass. 189, 191 (1906); *Salter* v. *Beal*, 321 Mass. 105, 108 (1947); *Cardullo* v. *Landau*, 329 Mass. 5, 9 (1952).

*Judgments affirmed.*

The case was submitted on briefs.

*William J. Bannan, Jr.*, City Solicitor, & *Robert J. Brophy*, Assistant City Solicitor, for the plaintiff.

*Carl G. Bergstedt* for the defendants.