ALFRED JENKINS, JR. *vs.* RHODA A. LESTER & others.

Hampshire. September 20. — 28, 1881. LORD & DEVENS, JJ., absent.

A trust on which property is held, created by judicial decree of a court of another State having jurisdiction of the matter, cannot be enforced in this Commonwealth by a beneficiary, or by his creditors, although the trustee personally resides here, and has not given any bond or filed any inventory in the State where he was appointed.

BILL IN EQUITY by Alfred Jenkins, Jr., of Baltimore in the State of Maryland, against Rhoda Ann Lester, of Amherst in the county of Hampshire, and Caroline Mitkiewicz and Eugene Mitkiewicz her husband, both of Baltimore aforesaid.

The bill alleged that the plaintiff had advanced to said Caroline and Eugene large sums of money (the particulars of which were set forth) upon the faith and credit of her sole and separate estate, and had received their promissory note therefor, by the terms of which she " charges her separate estate with the payment of this note," and upon which the sum of $20,950, with interest from November 26, 1879, was still due; that the estate of Caroline, which she had so charged with the payment of the debt to the plaintiff, consisted of a life interest in a legacy left in trust for her benefit under the will of her father, Ralph Lester, of Rochester in the county of Monroe and State of New York, (a duly certified copy of the probate of which in the Surrogate's Court of that county was annexed to and made part of the bill,) by which he appointed his wife, Rhoda Ann Lester, his " sole executrix, without security," and made to her for the benefit of his daughter Caroline the bequest which is printed in the margin,* and, after sundry other bequests and legacies, provided that, in case of a surplus of his estate after payment of funeral expenses and of all just debts, bequests and legacies, " there shall

---

* " I give and bequeath to my said wife the sum of twenty thousand dollars in trust to invest the same and receive and apply the interest or income thereof for the benefit and use of our daughter Caroline Mather Lester during the lifetime of said Caroline Mather. Upon said Caroline Mather arriving at the age of twenty-one years, my said trustee may in her discretion pay her absolutely four thousand dollars, part and parcel of said sum of twenty thousand dollars. Upon the decease of said Caroline Mather,

be a *pro rata* addition to the said bequests and legacies of such surplus;" that Rhoda Ann Lester took out letters testamentary in said Surrogate's Court, "and accepted the trust, and has continued to act as trustee under the terms of said will, though she has never filed any inventory or accounts as executrix, and has never reported to any court in what manner or what sums she has invested under the directions of said will;" that there was so large a surplus of the estate that the principal sum to the income of which Caroline was entitled was about $40,000; that Rhoda Ann, with notice of the charge created by Caroline on her said estate in favor of the plaintiff, and colluding with her and her husband to evade the operation and satisfaction of her obligation to the plaintiff, and in fraud of his rights, had continued, and declared her intention to continue, to make payments to Caroline on account of the income thereof.

"Under these circumstances, and considering further the fact that said Rhoda Ann Lester is under no bond for the faithful administration of her trust," the bill prayed for process, discovery, an injunction, a receiver, an account, payment of the income of the life estate of Caroline to the plaintiff until his claim be wholly discharged and satisfied, and for further relief.

The defendant Rhoda Ann Lester demurred to the bill, for want of equity and for want of jurisdiction; upon a hearing before *Lord*, J., the demurrer was sustained, and the bill dismissed, with costs; and the plaintiff appealed to the full court.

*J. C. Hammond*, (*C. Delano* with him,) for the defendant.

*A. H. Taylor* of Maryland, (*D. W. Bond* with him,) for the plaintiff.

GRAY, C. J.    This bill is brought against Caroline Mitkiewicz, her husband Eugene Mitkiewicz, and Rhoda Ann Lester, to subject to the payment of a debt alleged to be due to the plaintiff

the said sum of twenty thousand dollars, or so much thereof as shall not have been paid to her as aforesaid, shall go to the issue of said Caroline Mather. The said trustee is to have, in lieu of commissions or other compensation, ten per cent of the amount received and paid out to said Caroline Mather or for her benefit or use under this provision of my will. My said wife may appoint by will a trustee to succeed her under this clause in my will."

from Mrs. Mitkiewicz her equitable interest in the income of a fund held in trust under the will of her father, Ralph Lester, by the defendant Rhoda Ann Lester. All the parties to the suit reside in Baltimore in the State of Maryland, except the defendant Lester; and it is contended that her residence in this Commonwealth sustains the jurisdiction of this court over the bill.

But the difficulty is, that she does not hold the fund by virtue of a trust created by instrument *inter partes* and without judicial decree, and which, therefore, might be enforced against her wherever she might be found. *Massie* v. *Watts*, 6 Cranch, 148, 160. Perry on Trusts, § 70.

The bill shows that Ralph Lester's will was admitted to pro bate in a court of appropriate jurisdiction in the State of New York, where he resided at the time of his death, and that the defendant Lester was there appointed executrix and accepted the trust, although she has never filed in court any inventory or account as executrix or trustee. It does not show that the will has ever been proved or recorded in this Commonwealth, or that any letters testamentary or of administration or trusteeship have been issued here. The trust on which the property is held by her having been created by judicial decree of a court of another State having jurisdiction of the matter, she is accountable in the courts of that State for the due execution of the trust; and, by the decisions and the settled practice of this court, the trust cannot be enforced in this Commonwealth, although the trustee personally resides here. *Campbell* v. *Sheldon*, 13 Pick. 8. *Campbell* v. *Wallace*, 10 Gray, 162. *Chase* v. *Chase*, 2 Allen, 101, 104. *Smith* v. *Mutual Life Ins. Co.* 14 Allen, 336, 342. See also *Curtis* v. *Smith*, 6 Blatchf. C. C. 537, 550, 551; *Same* v. *Same*, 60 Barb. 9.

The case does not differ in principle from that of an executor or administrator appointed in another State, who is not responsible in this Commonwealth for assets received here, if he has not here taken out letters of administration, nor for assets received in the other State, even if he has taken out ancillary administration in this Commonwealth. *Vaughan* v. *Northup*, 15 Pet. 1. *Fay* v. *Haven*, 3 Met. 109. *Norton* v. *Palmer*, 7 Cush. 523.

The fact that the trustee is not shown to have given any bond or returned any inventory in the State of New York cannot vary the general principle. As was said by the court in *Fay* v. *Haven*, 3 Met. 116, "The nature and extent of the security to be given in such cases must necessarily be regulated by the local law."

It follows that the trust could not be enforced in this Commonwealth by Mrs. Mitkiewicz, and consequently cannot be by any creditor of hers, and that the bill must be dismissed for want of jurisdiction; and the question whether her interest in the trust fund is such as could be reached by her creditors in a court having jurisdiction of the cause and of the parties cannot be determined in this suit.                   *Decree affirmed.**

---

* A similar decision was made in Worcester, November 25, 1881, in the case of

SAMUEL R. LELAND & others *vs.* ISAAC C. B. SMITH & another.

BILL IN EQUITY, alleging that the plaintiffs have recovered judgment against the first-named defendant in the Superior Court in Worcester for the sum of $647.64, which is still due and unpaid; that he has no attachable property, and that his only property of which the plaintiffs have any knowledge is the income of a fund vested in the hands of the other defendant as surviving trustee under the will of Alfred Smith, of Hartford in the State of Connecticut; that by the terms of the trust the income is payable to the first-named defendant semiannually, either in January and July or in April and October, but the plaintiffs are not informed when the payments are made by the trustee; that the sum invested for his benefit by the trustee is more than $30,000, and the income thereof, when due and payable, more than enough to satisfy the plaintiffs' judgment; and that the trustee declines to inform the plaintiffs how much is due and when it is payable, or to pay any sum to the plaintiffs upon the order of the first-named defendant given before the same is due and payable. The bill prays for an injunction, and for a payment by the trustee of the plaintiffs' debt out of the income as it shall accrue and become payable, and for further relief.

The defendants, in their answer, set forth the will of Alfred Smith, by which he bequeathed a sum of $100,000 in trust for his three grandchildren, of whom the first-named defendant was one, and their heirs, with directions to distribute and pay over to each of them during his life an equal share of the income derived from the trust fund semiannually, either on the first days of January and July or on the first days of April and October, as might be most convenient, with remainder to their heirs, and declared it to be his will and intent that the income should be and remain and be kept for the personal use and property of his grandchildren respectively until the several

---

times when it should have actually accrued and become payable to them according to the provisions of his will, and, to this end, that neither of them should have any right or power to sell, assign, transfer, pledge, incumber or in any way anticipate all or any part of their income before it should have accrued and have become payable to them respectively, and that any attempt so to alienate either the principal of the fund or any income thereof should be null and void, so far as related to the trustees and the trust fund and any income arising or accruing therefrom.

The answer further alleges that, at the time of the service of process, there was not in the hands of the trustee any income due or overdue to the other defendant; that the execution of the trust and the construction to be placed upon it, not only as to its general scope and effect, but also as to the question whether the income could be come at and held by bill of his creditors for his debts, is to be determined by the law of the State of Connecticut; and that the income cannot be so reached by the law of either State; and admits the other facts alleged in the bill.

The case was set down for hearing on bill and answer, and an agreement that the law of Connecticut, if held by the court to be material, might be taken to be as contained in the published statutes and reports of that State; and was thereupon reserved by *Devens*, J. for the determination of the full court.

*W. A. Gile*, for the plaintiffs.

*W. S. B. Hopkins*, for the defendants.

BY THE COURT. The trust, on which the property sought to be reached by this bill is held, having been created by the will of a citizen of Connecticut, and it not appearing that there has been any probate or record of the will, or appointment of the trustee, in this Commonwealth, the trust can be enforced by the beneficiary, or availed of by his creditors, in the courts of Connecticut only. *Jenkins* v. *Lester, supra,* and cases there cited.

