FRANK H. HOLLAND, executor, *vs.* FRANK H. BALL, administrator *de bonis non* with the will annexed & another.

Worcester. October 3, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Executor and Administrator. Conversion. Equity Pleading and Practice, Appeal.*

A transfer by an executor to himself of shares of stock belonging to his testator unexplained is in itself a wrongful conversion. In the present case there was an express statement in the account of an executrix of an appropriation and conversion to her own use of property of her testator which included the shares in question.

On an appeal to this court from the decree of a single justice an agreement of counsel, that the copy of a certain will printed in the Massachusetts Reports in

the report of another case between the same parties may be referred to, has no effect upon the record before this court, which includes only those matters that were before the single justice when he made the decree.

APPEAL from the decree of a single justice affirming a decree of the Probate Court for the county of Worcester disallowing certain items in the first and final account of Hannah A. Holland, executrix of the will of Henry Holland, filed by Frank H. Holland, executor of the will of Hannah A. Holland.

The account in question under Schedule B, " Showing payments, charges, losses and distributions," contained the following item :

" And accountant further says that he has found no estate standing in the name of Henry Holland in the hands or possession of his testatrix, Hannah A. Holland, but that under the will of Henry Holland she has spent of the principal and income for her use and support, and the accountant does not know in what sums, and has appropriated and converted to her own use all the remainder of the estate of Henry Holland so that no part of said estate of Henry Holland has come into his hands or possession by virtue of his being the executor of the will of Hannah A. Holland, amounting to $7,628.33."

In the Probate Court *Forbes*, J. in passing upon this account made the following decree :

" It is decreed that said account as amended be allowed with the following modifications, viz. :

" All items in the amendment to said account are disallowed except that the said executrix is allowed for her services the sum of two hundred dollars, and the last item of Schedule B, viz. : $7,628.33, is disallowed and leaving in the hands of said executrix in personal property at its appraised value, and cash the sum of $7,428.33.   Schedule C, showing property of the estate in the hands of the executrix at the time of her death, should be stated as follows :

| | | |
|---|---:|---:|
| Furniture, | $16 | 00 |
| Promissory note, | 200 | 00 |
| 75 shares of American Bank Note Co., | 3,750 | 00 |
| Deposit in Worcester Co. Inst. for Savings, | 1,600 | 00 |
| Cash, | 1,862 | 33 |
| Total, | $7,428 | 33 " |

Frank H. Holland, executor, appealed. On appeal the case was heard by *Braley*, J., who made a decree that the decree of the Probate Court be affirmed and that the case be remitted to the Probate Court for further proceedings. Frank H. Holland, executor, appealed to the full court.

The following statement of facts agreed upon was signed by the counsel for the respective parties:

"Hannah A. Holland died on April 3, 1903; Frank H. Holland, her executor, in May, 1905, sold seventy-five shares of the American Bank Note Company, of the par value of $50 a share, then standing in the name of Hannah A. Holland and originally in the name of Henry Holland, and being a part of his estate received by her, for the sum of $5,387.10 and deposited the proceeds thereof, viz., said sum of $5,387.10, in the Quinsigamond National Bank of Worcester, and later in the Worcester Trust Company as a separate and distinct fund."

The statement in the brief for the appellant in regard to the will of Henry Holland, which is referred to in the opinion as not bringing that will before this court, was as follows:

"Henry Holland by will, a copy of which appears in the case of Ball v. Holland, 189 Mass. 369, and which counsel agree may be referred to, gave to his widow, Hannah A. Holland, the right to use for her support and the support and education of his minor children the principal of his property, and bequeathed the income thereof to her absolutely."

*A. M. Taft & J. B. Scott*, for the appellant.

*H. L. Parker*, for the administrator *de bonis non* with the will annexed of the estate of Henry Holland.

*W. Thayer & H. W. Cobb*, for Charles E. Holland.

LORING, J. The only question of law presented here is whether an executor acquires title to shares of stock belonging to the estate of his testator by wrongfully transferring them into his own name.

It is elementary law that an owner does not lose his property in a chattel by a wrongful conversion of it by another. The owner may at his election hold the wrongdoer for damages or retake the chattel owned by him. This is plainly stated in *Glaspy* v. *Cabot*, 135 Mass. 435, cited by the appellant together with *Choate* v. *Arrington*, 116 Mass. 552, and *King* v. *Ham*,

6 Allen, 298. There is nothing in any of these cases which supports the appellant's contention.

There is no ground for the argument that the executrix bought the stock in question of herself. The transfer to herself unexplained is of itself a wrongful conversion. But the fact is put beyond a doubt by the statement in the account that the executrix "appropriated and converted to her own use all the remainder of the estate" not spent by her. It is apparent from the statement of the items in the decree of the Probate Court making up the $7,628.33 in question that this covers the shares of stock here in question. We do not mean to intimate that if she had undertaken to buy the stock of herself the sale could not have been avoided.

What remedy or remedies the administrator *de bonis non* may have, based on the subsequent sale by the executor of the executrix or otherwise, is not now before us. See in this connection *Sewall* v. *Patch,* 132 Mass. 326. All that we now are called upon to decide and do decide is that the shares of stock in question were the property of the estate of Henry Holland at the date of the decease of his widow, the executrix of his will.

The statement in the brief for the appellant that the will of Henry Holland which appears in *Ball* v. *Holland,* 189 Mass. 369, may be referred to cannot be entertained by the court. A case not passed upon by the single justice who entered the decree appealed from cannot be substituted by agreement of counsel. The question before us is the correctness of the decree of the single justice. *Robinson* v. *Brown,* 182 Mass. 266.

In our opinion the appeal is frivolous, and the entry must be

*Decree affirmed, with double costs.*