Mary Coffey, executrix, *vs.* A. John Rady, administrator, & others.

Middlesex. — March 8, 1929. — May 29, 1929.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Field, JJ.

*Probate Court*, Jurisdiction, Proceedings in equity, Legatee's liability for debts. *Equity Jurisdiction*, Of probate court. *Equity Pleading and Practice*, Parties, Demurrer, Appeal. *Limitations, Statute of. Executor and Administrator. Attorney at Law. Fiduciary. Trust.*

Upon an appeal from an order sustaining a demurrer to a petition in equity in a probate court, no final decree having been entered, the order was treated by this court as a final decree.

A petition in equity was filed in a probate court containing allegations that the petitioner was the executor of a certain will; that one of the respondents was administrator with the will annexed of the estate of one who previously had been attorney for the petitioner in the matter of the will; that a sum of money given to the attorney by the petitioner "for legacies under the will" was deposited by the attorney in a bank and mingled with his own property or spent by him without the legacies having been paid; that he had money on deposit at the bank at the time of his death; that the other respondents were legatees under the attorney's will, which was admitted to probate on a certain date more than two years previous to the filing of the petition; and that the petitioner was not informed whether the respondent legatees had been paid their legacies. There was no allegation that a bond or notice of appointment was given after the attorney's will had been admitted to probate. The prayers of the petition were that, if no distribution of the attorney's estate had been made, the respondent administrator be ordered "to turn over to" the petitioner the sum given by him to the attorney; and that, if such distribution had been made, the respondent legatees be ordered "to turn over" such sum to the petitioner. Upon an appeal by the petitioner from orders sustaining demurrers to the petition, one by the respondent administrator and the other by the respondent legatees, it was *held*, that

(1) Although the attorney stood in a fiduciary capacity to the petitioner and was a trustee of the money given to him, it did not appear from the allegations and prayers of the petition that it was brought to impress a trust upon the money belonging to the attorney at the time of his death, and the petitioner was not entitled to relief under the provision of G. L. c. 215, § 6, giving to the probate courts jurisdiction in equity of "trusts created by will or other written instrument";

(2) The probate court had jurisdiction under the provision of said § 6 giving it jurisdiction in equity "of all cases and matters relative to the administration of the estates of deceased persons" to order a return of the money by the respondent administrator to the petitioner;

(3) While the defence, that the petitioner was barred by the short statute of limitations contained in G. L. c. 197, § 9, was open to the respondents on demurrer, the demurrer could not properly have been sustained on that ground because it was not alleged in the petition that a bond and notice of appointment were given after the attorney's will had been admitted to probate;

(4) The petitioner had failed to allege in the petition the facts required by G. L. c. 197, §§ 28 *et seq.* to establish a claim against the respondent legatees; and their demurrer properly was sustained;

(5) The demurrer of the respondent administrator was ordered to be overruled if, within a certain time, the petitioner amended the petition by striking out the portions of it relating to the respondent legatees; otherwise it was to be sustained.

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on March 29, 1928.

The petition and demurrers by the respondents are described in the opinion. The demurrers were heard by *Harris,* J., and were sustained by his orders. No final decrees were entered. The petitioner appealed from such orders.

*J. J. Foley,* for the petitioner, submitted a brief.

*J. A. Daley,* for the respondents.

CARROLL, J. This is a petition in equity in the Probate Court by Mary Coffey, as she is the executrix of the will of Mary Duggan, against A. John Rady, the administrator with the will annexed of Andrew J. Rady, and Mary A. and Margaret L. Rady, legatees under the will of Andrew J. Rady. The petition alleges that Andrew J. Rady was the attorney of the petitioner in the probate of the will of Mary Duggan; that the petitioner gave Rady "with other moneys, $800 for legacies under the will of" Mary Duggan; that "said money was deposited by the said Andrew J. Rady in the Inman Trust Company, of Cambridge as trustee for your petitioner"; that the legacies were not paid; that the petitioner has received from the trust company $640, "the rest of the money with interest having been mixed by the said Andrew J. Rady with his own property, or expended by him"; that Rady left as part of his estate the sum of $2,843.29, money on

deposit in the trust company; that the petitioner is not informed whether the legatees under Rady's will have been paid; "that the correct balance due her [the petitioner] if the whole money had remained in the bank would have been $1,186.66"; and that demand has been made on the petitioner for the payment of the legacies under the will of Mary Duggan.

The prayers of the petition were that, if no distribution of the Rady estate has been made, the administrator with the will annexed be ordered "to turn over to her the difference between $640 she received and the $1,186.66 she should have received. And if distribution has been made that the two legatees aforesaid mentioned be compelled to turn over to your petitioner this amount."

The respondent A. John Rady filed a demurrer, Mary A. and Margaret L. Rady also demurred, on the grounds that the facts stated did not entitle the petitioner to relief against these respondents; that the petitioner had a plain and adequate remedy at law, that the court had no jurisdiction of the subject matter. A. John Rady further demurred on the ground that Mary A. and Margaret L. Rady were improperly joined; and these respondents further demurred on the ground that A. John Rady was improperly joined. The judge of probate sustained the demurrers; the petitioner appealed. No final decree was entered, but we treat the orders sustaining the demurrers as final decrees.

The petitioner relies on G. L. c. 215, § 6. Under this section probate courts have jurisdiction in equity concurrent with the Supreme Judicial Court and the Superior Court "of all cases and matters relative to the administration of the estates of deceased persons, to wills . . . or to trusts created by will or other written instrument . . . and of all other matters of which they now have or may hereafter be given jurisdiction." The contention of the respondents is that under this section of the statute the Probate Court had no jurisdiction upon the allegations of the petition to grant relief to the plaintiff.

As the attorney of the plaintiff Andrew J. Rady stood in a fiduciary relation to her. *Manheim* v. *Woods,* 213 Mass. 537.

In the settlement of the estate of Mary Duggan he held a position of trust and confidence, and the money given him to pay the legacies under the will of Mary Duggan was a trust fund for which he could be held to account as a trustee. If he deposited this money in the bank with money of his own the plaintiff could at her election follow the mixed fund and enforce a charge thereon. *Hewitt* v. *Hayes,* 205 Mass. 356, 361.

The petition, however, is not brought to impress any funds belonging to the estate of Andrew J. Rady with a trust. It is not alleged that the fund made up of the trust money and his own money is in existence. It is merely alleged that, with the exception of the portion paid the petitioner, the remainder of this fund was "mixed by the said Andrew J. Rady with his own property, or expended by him"; and there is no allegation that any part of the money given to Rady to pay the legacies under the will of Mary Duggan, or any part of the fund with which this money was mingled, is included in the $2,843.29 which was on deposit to the credit of Rady when he died. Furthermore, the jurisdiction of the Probate Court under G. L. c. 215, § 6, is confined to trusts created by will or other written instrument. See *Derby* v. *Derby,* 248 Mass. 310, 314.

The statute also gives the Probate Court jurisdiction concurrently with the Supreme Judicial Court and the Superior Court "of all cases and matters relative to the administration of the estates of deceased persons." The respondents contend that under this section of the statute the Probate Court had no jurisdiction to grant the relief sought. The Probate Court, as well as the Supreme Judicial Court and the Superior Court, has jurisdiction to compel the return of property belonging to an estate. It is settled that the remedy of equitable replevin is within the jurisdiction of the Probate Court. *Mitchell* v. *Weaver,* 242 Mass. 331. In *Nelson* v. *Peterson,* 202 Mass. 369, 371, it was not questioned that there was jurisdiction in equity to compel the defendant to deliver to the plaintiff, as administrator, certain wearing apparel and "$500 in money," the property of the intestate. Equity has jurisdiction for an accounting when there is a fiduciary rela-

tion between the parties. See *Brown* v. *Corey*, 191 Mass. 189; *Badger* v. *McNamara*, 123 Mass. 117.

The Probate Court under the statute referred to could act in similar circumstances, and by virtue of the equity powers given it could require the administrator of Rady's estate to return to the executrix of the will of Mary Duggan the property and assets belonging to the Mary Duggan estate. It was a matter "relative to the administration of the estates of deceased persons" within the meaning of the statute. The intestate Rady occupied a position of trust; as the petitioner's attorney, he was in a fiduciary relation to her; and the Probate Court could order payment to the petitioner of the money belonging to the estate of her testatrix.

It is also contended that the petition of the petitioner alleges that Rady's will was allowed January 4, 1926; and as the petitioner's petition was filed March 29, 1928, she is barred by the statute of limitations. G. L. c. 197, § 9. In proceedings in equity as distinguished from law, the defence of the statute of limitations is open on demurrer. *Fogg* v. *Price*, 145 Mass. 513, 516. *Coram* v. *Davis*, 209 Mass. 229, 249. *Quinn* v. *Quinn*, 260 Mass. 494. This defence was not specifically assigned in the respondents' demurrers; and assuming, but without deciding, that it could be relied on under the pleadings, see *Somerby* v. *Buntin*, 118 Mass. 279, 288, it must appear from the petitioner's petition that her suit was barred by the statute of limitations. *Monahan* v. *Harvard Brewing Co.* 241 Mass. 286. The petitioner was not barred from prosecuting her petition by reason of the short statute of limitations, unless notice of the appointment of the executor or administrator was given. G. L. c. 197, § 9. G. L. c. 195, § 1. It does not appear on the face of the petition that the bond required by the statute was given or that the notice of appointment was given; the demurrers, therefore, could not be sustained on the ground that the statute of limitations was a bar.

The respondents rely on *Aiken* v. *Morse*, 104 Mass. 277. That case is not applicable here. It was a bill in equity by an administratrix to redeem land from a mortgage given by her intestate. The burden, it was held, was upon her to

show there was a subsisting lien in favor of creditors; and her neglect to give notice of her appointment would not be presumed in her favor in her suit in equity.  No such question arises in the case at bar.

A. John Rady further assigned as a ground of demurrer that Mary A. Rady and Margaret L. Rady "are improperly joined," and they demurred on the ground that A. John Rady was improperly joined.  The petitioner averred that if no distribution of Andrew J. Rady's estate has been made the administrator should be directed to pay the petitioner; that if distribution has been made the legatees should be required to pay her.  The legatees under a will may be liable for the debts of the testator, "after the settlement of an estate" and after the time limited for the commencement of actions against the executor "for all debts for which actions could not have been brought against the executor."  G. L. c. 197, § 28.  By § 29 of this chapter, a creditor whose right of action accrues "after the expiration of said time of limitation, and whose claim could not legally be presented to the Probate Court, or whose claim, if presented, has not been allowed, may, by action commenced within one year next after the time when such right of action accrues" recover against the legatees to the value of the real or personal property received from the estate.  The remedy to recover from the legatees is governed by the statute, *Clark* v. *Holbrook*, 146 Mass. 366, 368.  The petitioner was required to allege in her petition sufficient facts to give her the statutory remedy.  *Hall* v. *Bumstead*, 20 Pick. 2.  See also *Brooks* v. *Rayner*, 127 Mass. 268.  The petitioner did not do this, and the allegations of her petition are insufficient to give her any relief against the legatees.

The order sustaining the demurrer of Mary A. Rady and Margaret L. Rady was right.  A decree is to be entered sustaining their demurrer.  In the case against A. John Rady the petitioner is given leave to amend by striking out the names of Mary A. and Margaret L. Rady and the last paragraph of the petition so that the petition will be against A. John Rady.  If such an amendment is allowed within

twenty days after date of filing of the rescript, the demurrer of A. John Rady is to be overruled. If this amendment is not so allowed, a decree is to be entered sustaining his demurrer.

*Ordered accordingly.*