A. ESTELLE BUZZELL, administratrix, *vs.* ROBERT H. O. SCHULZ.

Middlesex.　November 3, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Probate Court,* Jurisdiction, Decree, Appeal. *Attorney at Law. Res Judicata.*

By a petition filed in a probate court, an administrator sought to have the respondent ordered to pay the petitioner the sum of $2,500. After hearing of the petition, a decree was entered reciting that the respondent had acted as attorney for the petitioner in the administration; that the petitioner's final account as administrator had contained an item showing a payment to the respondent of $7,500 for his services as attorney; that, after hearing of the account, at which the respondent had testified, such item had been disallowed for $7,500 and allowed for $5,000; that the account as modified had been allowed; and that the respondent, upon demand by the petitioner, had refused to pay $2,500. The decree ordered the respondent to pay $2,500 to the petitioner. Upon appeal by the respondent, there was no report of the evidence nor of material facts found by the judge. *Held,* that

(1) The Probate Court had jurisdiction to entertain the petition and make the decree under G. L. c. 215, § 6;

(2) The power to make such decree was not inconsistent with its powers under G. L. c. 206, § 4;

(3) The entry of the decree involved a finding by the judge that the sum of $2,500 was not properly chargeable to the decedent's estate for legal services;

(4) The decree was affirmed.

It *was assumed* that the respondent in the petition above described, not being a party to the proceedings on the petitioner's final account, was not bound by the order therein made; and that it was open to him at the hearing on the petition to show that $7,500 was a reasonable charge for his legal services.

PETITION, filed in the Probate Court for the county of Middlesex on December 4, 1929, and described in the opinion.

The petition was heard by *Leggat,* J., by whose order there was entered a decree reciting facts stated in the opinion and ordering the respondent to pay to the petitioner the sum of $2,500 with interest from June 19, 1929.

The respondent appealed. There was no report of the evidence nor of material facts found by the judge.

*O. Storer,* for the respondent.

*L. Withington,* for the petitioner.

SANDERSON, J. This is a petition in the Probate Court by the administratrix of the estate of Edwin H. Buzzell, deceased, in which she asks that the respondent be ordered to pay her a sum of money. During the period of her administration of the estate she acted under the advice and guidance of the respondent as attorney, who kept in his possession the bank books of the estate and made out all checks, and whose signature was required on the checks before they were honored by the bank. In her account as administratrix, filed December 3, 1928, she asked to be allowed for a payment to him of $7,500 for services as attorney in connection with the administration of the estate. An auditor appointed in the matter of the account made his report, and on the nineteenth day of June, 1929, the account was allowed, but with a modification disallowing the item to which reference has been made, and allowing in place of it the sum of $5,000. The decree, entered on the present petition after objections were made and a hearing had thereon, ordered that the respondent deliver to the petitioner the sum of $2,500, " the same being that part of the amount he received from the assets of the estate of said Edwin H. Buzzell for services as attorney disallowed by the court with interest thereon at the rate of six per cent per annum from June 19, 1929." No evidence is reported. It is assumed that the respondent, not being a party to the proceedings on the account, is not bound by the order therein made, although he appeared as attorney and testified, and no question is now open concerning the prayer that the respondent be adjudged in contempt for failure to comply with the decision of the court in the accounting. On the present petition brought against the respondent personally, he could have introduced evidence to show that the amount received by him was a reasonable charge for the services rendered to the estate. The principal question is whether

the Probate Court had jurisdiction in this petition to determine whether the respondent has received assets of the estate which he is not entitled to hold.

G. L. c. 215, § 2, constitutes the Probate Court a court of superior and general jurisdiction with reference to all cases and matters in which it has jurisdiction. Section 3 gives that court jurisdiction over the administration of estates and of all matters relative to the estates of deceased persons and of all such other matters as have been or may be placed within their jurisdiction. Section 6 provides that probate courts " shall have jurisdiction in equity, concurrent with the supreme judicial and superior courts, of all cases and matters relative to the administration of the estates of deceased persons . . . and of all other matters of which they now have or may hereafter be given jurisdiction. Such jurisdiction may be exercised upon petition according to the usual course of procedure in probate courts."

The case of *Coffey* v. *Rady*, 267 Mass. 301, 304, 305, was a petition in the Probate Court by an executrix under G. L. c. 215, § 6, to compel return to her of property and assets belonging to the estate, and the court held that it was a matter relative to the administration of the estate within the meaning of that statute. In that case the relationship between an attorney acting for an executrix in settling an estate was involved. The petition was not brought to enforce a trust and the jurisdiction of the Probate Court depended upon the fact that the attorney had received assets of the estate to pay legacies and, not having paid them, his estate was accountable for the money. The jurisdiction of the court under G. L. c. 215, § 6, is not dependent upon proof of an express trust but upon the possession of assets which the defendant had no right to hold and should return to the estate.

In *Mitchell* v. *Weaver*, 242 Mass. 331, 337, the court said: " The recovery of property which the judge has found was part of the estate for which the plaintiff if it could be obtained must account, clearly presented an issue ' relative to the administration of the estates of deceased persons,' and the Probate Court as well as the Supreme

Judicial Court and the Superior Court had jurisdiction in equity to compel its delivery to the plaintiff." The right of the Probate Court under G. L. c. 206, § 4, to order the administrator in settling an account to replace any moneys or property that have been improperly applied or disposed of is not inconsistent with its power under G. L. c. 215, § 6, to order any party who has received property which should be in the possession of the executor or administrator to return it.

The order in the decree involves a finding that the amount ordered to be paid was not properly chargeable to the estate for legal services.

*Decree affirmed.*