CHARLES BARRON *vs.* FLORENCE BARRONIAN, administra-
trix, and others.

Suffolk.    March 3, 1931. — March 5, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, & WAIT, JJ.

*Probate Court*, Jurisdiction: in equity; Decree; Appeal: late.  *Equity
Jurisdiction*, To vacate decree of Probate Court in equity.  *Supreme
Judicial Court*.

Under G. L. c. 215, § 6, a probate court has jurisdiction to entertain a
petition in equity by an administrator containing allegations that
the petitioner has in his possession a book of deposit in a savings
bank standing in the name of an alias of his intestate as trustee for
another, and prayers that the deposit be declared to be an asset of
the estate of the intestate and that the bank be ordered to pay the
deposit to the petitioner as administrator; and, after hearing of such
a petition and the entry of a decree thereon in favor of the petitioner,
one, who had appeared in the Probate Court to oppose the petition,
could not maintain a suit in equity in a court of general equity juris-
diction to set aside that decree.

More than a year subsequent to the entry in the Probate Court of the
decree above described, the respondent commenced a suit in equity
in the Supreme Judicial Court to vacate the decree of the Probate
Court.  The bill also contained allegations that the attorney whom
he had employed to prosecute an appeal to this court from the de-
cree of the Probate Court had been faithless and negligent, and a
prayer that his claim of appeal be reinstated and he be allowed to
perfect and prosecute the appeal.  *Held*, that

(1) Assuming that the plaintiff was entitled to seek relief under
G. L. c. 215, § 15, in this suit, no relief could be granted under that
statute because more than a year had elapsed between the time of
the entry of the decree in the Probate Court and the time of the
commencement of the suit;

(2) The circumstances did not call for action by this court to relieve
the plaintiff under G. L. c. 211, § 3.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on September 27, 1929, described in
the opinion.

The defendant Barronian demurred.  The demurrer was
heard by *Sanderson*, J., and was sustained.  A final decree
was entered dismissing the bill.  The plaintiff appealed.

*W. J. Brown,* for the plaintiff.

*R. W. Frost,* for the defendant Barronian.

RUGG, C.J. This is a suit in equity brought in the Supreme Judicial Court. Its object is to vacate a decree of the Probate Court. The decree sought to be vacated was entered under these circumstances: The defendant Florence Barronian, hereafter called the defendant, was duly appointed by the Probate Court of Suffolk County administratrix of the estate of a deceased resident of Boston, and in that court brought a petition in equity, to which the present plaintiff was a party defendant, against numerous savings banks alleging that she had as such administratrix in her possession books of deposit showing deposits in the banking institutions joined as defendants standing in the name of several aliases of her intestate as trustee for various persons, and praying that these several deposits in savings banks be declared to be assets of the estate of her intestate and that the savings banks be ordered to pay such deposits to her as administratrix. The present plaintiff appeared as a party defendant, filed appropriate pleadings and contested the allegations of that petition. After hearing, the Probate Court entered a decree that said deposits were the assets of the estate of the intestate and ordered them paid to his administratrix. It is contended by the plaintiff that the Probate Court was without jurisdiction to entertain a suit in equity of that nature, it being his further contention that such jurisdiction is vested exclusively in the Supreme Judicial Court or the Superior Court.

Apart from comparatively recent statutes, jurisdiction over that subject matter was not vested in the Probate Court. Probate courts have jurisdiction in equity in those cases alone where it is expressly conferred upon them by statute. It is provided now by G. L. c. 215, § 6, that " Probate courts shall have jurisdiction in equity, concurrent with the supreme judicial and superior courts, of all cases and matters relative to the administration of the estates of deceased persons, to wills . . . , or to trusts created by will or other written instrument . . . ." These are

words of broad import. While there may be exceptions to
their comprehensive sweep growing out of the nature of
things, the case at bar does not present any such excep-
tion. The bank books were in the possession of the ad-
ministratrix. The meaning of the form of the deposit and
the facts touching the making of the deposit and the title
thereto were matters having a vital relation to the admin-
istration of the estate of the intestate and possibly also to
the creation of trusts to which the estate was a necessary
party. As matter of interpretation of the statute, it must
be held to include a proceeding in the Probate Court such
as is here assailed.

The same result follows from consideration of the
authorities. It is sufficient to say without reviewing the
facts of each decision that the case at bar falls well within
the principle declared and the points decided in several
cases. *Stowell* v. *Ranlett,* 238 Mass. 599. *Phillips* v.
*McCandlish,* 239 Mass. 301. *Mitchell* v. *Weaver,* 242
Mass. 331. *Chase* v. *Smith,* 257 Mass. 252. *Coffey* v.
*Rady,* 267 Mass. 301, 304, 305. *Lowell* v. *Hudson,* 268
Mass. 574. *Buzzell* v. *Schulz,* 273 Mass. 372. It is dis-
tinguishable from cases like *Derby* v. *Derby,* 248 Mass.
310, and *McKenna* v. *McKenna,* 260 Mass. 481. It
follows that the Probate Court had jurisdiction of the
cause of action and of the parties. Proceedings cannot be
successfully maintained in a court of general equity juris-
diction to set aside a decree of the Probate Court acting
within its jurisdiction. *Farquhar* v. *New England Trust
Co.* 261 Mass. 209, 212–214, and cases there reviewed.

There are allegations in the plaintiff's bill tending to
show neglect and faithlessness on the part of attorneys
employed by him to prosecute an appeal taken by him
from the decree of the Probate Court. In this connection
there is a prayer that his claim of appeal be reinstated
and he be now allowed to perfect and prosecute an appeal
from the decree of the Probate Court. It is assumed in
favor of the plaintiff, but without so deciding, that in this
form of proceeding he may seek relief under G. L. c. 215,
§ 15, whereby it is provided that " A person who has, by

accident or mistake, omitted to claim an appeal from a final decree within the time prescribed therefor may, within one year after the entry of the decree from which he desires to appeal, petition the full court for leave to appeal, which may be granted upon terms." Manifestly this statute is not applicable because much more than a year has elapsed between the entry of the decree in the Probate Court and the filing of the present bill. Whatever allegations there may be touching the shortcomings of attorneys retained by the plaintiff, no relief can be granted him in this form of procedure. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43, and cases there collected.

The plaintiff also invokes action of this court under the "general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided" vested in it by G. L. c. 211, § 3. It is not necessary to discuss the general supervisory power thereby vested or otherwise existing in the Supreme Judicial Court. The case at bar calls for no action of that nature. The plaintiff has had his day in a court of superior and general jurisdiction within its sphere when there were properly before it the cause of action and all parties in interest, and he has had open to him the ample remedies for review of the decision of that court provided by statute. The plaintiff presents no reasons for extraordinary intervention in his behalf.

*Decree affirmed with costs.*