JOHN J. WALSH, JUNIOR, & others, *vs.* CHARLES G. MULLEN.

Norfolk.   October 28, 1941. — June 29, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Probate Court,* Jurisdiction, Equity proceeding, Parties. *Equity Pleading and Practice,* Parties. *Executor and Administrator,* Accounts, Recovery of assets.

Allowance of accounts of an administrator, containing items of income from his operation of a business of the testator not included in his inventory, but showing no distribution of the business to the heirs and next of kin of the intestate, did not preclude them from obtaining an accounting in equity as to the business by one who had intermeddled with it with the assent of the administrator.

A petition in equity in a Probate Court for an accounting by an alleged intermeddler respecting property of an intestate wrongfully turned over to him by the administrator of the intestate's estate involved a matter "relative to the administration of" the estate of a deceased person and was within the jurisdiction of that court under G. L. (Ter. Ed.) c. 215, § 6, as amended by St. 1937, c. 257.

Under G. L. (Ter. Ed.) c. 230, § 5, as amended by St. 1934, c. 116, the heirs and next of kin of an intestate were proper parties to bring a petition in equity against the administrator of his estate and an alleged intermeddler for an accounting respecting property alleged to have been wrongfully turned over to the intermeddler by the administrator, although there was no allegation that the administrator had been requested to bring the proceeding; the petition showed that within the statute the administrator was "unable to do so by reason of his interest."

PETITION IN EQUITY, filed in the Probate Court for the county of Norfolk on April 20, 1939.

A demurrer of the respondent Mullen was sustained and the petition was dismissed as to him without prejudice, by *Poland,* J.

In this court the case was submitted on briefs.

*C. S. Williams,* for the petitioners.

*G. W. Abele,* for the respondent.

LUMMUS, J.   This is a petition in equity brought on April 20, 1939, in the Probate Court for the county of Norfolk by the sole heirs and next of kin of John J. Walsh, late of

Milton, who died intestate on March 7, 1922. The respondents, apart from Charles G. Mullen, were James S. Gallagher, Arthur V. Drohan and Herman J. Drohan. After various proceedings, including a reference to a master, hearings before the master, and the confirmation of his reports as to the three last named respondents, the petition was dismissed as to them on January 30, 1941.

That left Charles G. Mullen as the sole respondent. On March 6, 1941, he demurred to the petition because "the cause of action as against him is not within the jurisdiction of this [the probate] court under the provisions of General Laws (Ter. Ed.), Chap. 215, Sec. 6, it not being a matter relative to the administration of the estate of a deceased person." On April 17, 1941, this demurrer was sustained and the petition was dismissed, "without prejudice to the rights of the petitioners, if any they have, to proceed in another form of proceeding." The petitioners appealed to this court.

The allegations of the petition may be summarized as follows. On June 7, 1922, James S. Gallagher, a creditor of the deceased John J. Walsh, was appointed and qualified as administrator of his estate. The decedent owned, and his estate still owns, a business in Milton and Quincy for the sale and distribution of newspapers and periodicals, which was valuable and lucrative. This business was not included in the inventory of the estate. The administrator operated the business, and included the income of it in one of his accounts and also in his so called final account which was allowed on March 3, 1927. But the accounts showed no distribution of the business to the petitioners, and there was none in fact. About March 3, 1927, the respondent Mullen, with the permission of the administrator, took control of the business under an agreement by which he was to pay to the latter certain amounts of money for it. He purported to act as of right because he was a creditor of the estate, was surety on the bond of the administrator, and had been guardian of Mary A. Walsh, the insane widow of the decedent. He conducted the business until July 31, 1932, without accounting for the profits.

On July 31, 1932, Mullen sold the business for $6,400, which was an inadequate price, to Arthur V. Drohan and Herman J. Drohan, doing business as Drohan News Agency. This sale was unknown to the petitioners and to the Probate Court. The Drohans knew that Mullen had no authority to sell. No accounting has been made of the $6,400 or of the profits of the business. The petitioners believed that Mullen was their friend and benefactor, and were told by him later that the sale to the Drohans was only temporary. He promised to have the business returned to the petitioners with an accounting of all the profits.

The prayers against the respondent Mullen are that he "be ordered to account as an inter-meddler and administrator de son tort for all money and other property belonging to the said estate of John J. Walsh received by him and coming into his hands and possession during the period of time he managed and controlled the said business," and that he "account to the complainants for all sums of money or property received by him from the complainants or any other person for the sale of the merchandise of the said business and for the sale of the said business and money received by him from a loan or loans secured by the real estate of the complainants and for any other money or property belonging to the complainants received by the said Charles G. Mullen in any of the matters set forth in this petition in equity."

The petition cannot be interpreted as alleging a genuine purchase of the business by the respondent Mullen from Gallagher as administrator. · Rather it alleges that for a consideration Gallagher abandoned his trust and stepped aside, leaving Mullen in control without any legal right. Neither can it be said that the allowance of the accounts of the administrator, which showed no distribution of the business, affected the rights of the parties in the business. It is only the allowance of an account showing a distribution that is equivalent to a decree for distribution. *Rhines* v. *Wentworth,* 209 Mass. 585, 588.

By G. L. (Ter. Ed.) c. 215, § 6, as amended by St. 1937, c. 257, "probate courts shall have jurisdiction in equity,

concurrent with the supreme judicial and superior courts, of all cases and matters relative to the administration of the estates of deceased persons . . . and, in cases involving in any way the estate of a deceased person . . . to trusts created by parol or constructive or resulting trusts . . . and of all other matters of which they now have or may hereafter be given jurisdiction." In *Mitchell* v. *Weaver*, 242 Mass. 331, 337, an executor petitioned a Probate Court for the specific delivery of bank books, corporate shares, liberty bonds and a promissory note belonging to the deceased. The case being reported on the question of jurisdiction, this court said, "The recovery of property which the judge has found was part of the estate for which the plaintiff if it could be obtained must account, clearly presented an issue 'relative to the administration of the estates of deceased persons,' and the Probate Court as well as the Supreme Judicial Court and the Superior Court had jurisdiction in equity to compel its delivery to the plaintiff." In accord are *Barron* v. *Barronian*, 275 Mass. 77, *Coffey* v. *Rady*, 267 Mass. 301, 304, *Abbruzise* v. *Sposata*, 306 Mass. 151, and *Hinckley* v. *Barnstable*, 311 Mass. 600, 606.

This result makes it unnecessary to consider whether the petition might also be maintained under other words of the statute, as a matter "relative . . . to . . . constructive . . . trusts." See *Buzzell* v. *Schulz*, 273 Mass. 372, 374; *Malden Trust Co.* v. *Brooks*, 276 Mass. 464; *Locke* v. *Old Colony Trust Co.* 289 Mass. 245, 254; *Jones* v. *Jones*, 297 Mass. 198, 203–205.

It is no valid objection to the petition that it was not brought by the administrator. G. L. (Ter. Ed.) c. 230, § 5, as amended by St. 1934, c. 116, provides: "It shall be unnecessary to remove an executor or administrator in order that an action or suit to enforce a claim in favor of the estate may be brought by an administrator to be appointed in his place, when he refuses to bring such action or suit at the request of an heir, legatee or creditor, or is unable to do so by reason of his interest or otherwise, but an heir, legatee or creditor having an interest in the enforcement

of any such claim may bring a suit in equity to enforce it for the benefit of the estate in like circumstances and in like manner as a person beneficially interested in a trust fund may bring a suit to enforce a claim in favor of such fund . . . ." There is no allegation that the administrator was ever requested to act. But the petition makes the administrator a respondent, and alleges wrongdoing on his part with respect to the subject matter of the petition. That is sufficient to show that the administrator is "unable" to be the petitioner "by reason of his interest." In *Jones* v. *Jones,* 297 Mass. 198, 204, the petition was brought by beneficiaries of a testamentary trust against the trustees and another beneficiary, to recover an alleged illegal payment made to that beneficiary by the trustees, and to compel the trustees to withhold payments to that beneficiary until the amount of the alleged illegal payment should be recouped. It was held that the beneficiaries were proper parties to bring the petition.

*Decree sustaining demurrer and
dismissing petition reversed.
Decree to be entered overruling
the demurrer.*