PAUL HARRY KALTSAS, JR. *vs.* LEFCOTHEA KALTSAS,
individually and as administratrix, & others.[1]

Worcester. January 17, 1985. — September 5, 1986.

Present: ARMSTRONG, BROWN, & PERRETTA, JJ.

*Jurisdiction,* Foreign estate, Probate court, Equitable. *Probate Court,* Juris-
diction, Foreign estate, Administrator. *Executor and Administrator,*
Bond, Recovery of assets. *Fiduciary.*

A Massachusetts Probate Court, in the exercise of its equity jurisdiction,
would be empowered to enter orders to protect the beneficial owners of
bank and brokerage accounts held in Massachusetts which allegedly had
been converted by the administrator of the estate of a foreign domiciliary,
even though the property rights in the accounts must ultimately be decided
by the courts of a foreign country. [691-693]

CIVIL ACTION commenced in the Worcester Division of the
Probate and Family Court Department on February 24, 1983.

The case was heard by *Eliot K. Cohen, J.*

*Constance Coulopoulos* for the plaintiff.

*Robert M. Bonin* for Lefcothea Kaltsas.

ARMSTRONG, J. Paul Harry Kaltsas died in November, 1980,
a domiciliary of Greece. His will provided that all his property,
real and personal, was to pass "in usufruct" to his wife, the
defendant Kaltsas, for her life, and the "naked ownership" was
to pass in equal shares to his children, one of whom is the
plaintiff. The terms usufruct and naked ownership seem to be
analogous (on what the record discloses of Greek law) to life
interest and remainder, respectively. See *New England Trust
Co.* v. *Wood,* 326 Mass. 239, 244 (1950). The defendant
Kaltsas, who lives in Athens, is acting as executrix of the will

---

[1] Peter Leasca, Shearson American Express, Inc., and People's Bank of
Worcester.

in Greece and also secured appointment as administratrix with the will annexed in Worcester County, where the testator owned real property. The plaintiff brought this action, equitable in nature, to enjoin the defendant from transferring or disposing of moneys in certain brokerage and bank acounts which are alleged to be the proceeds of estate assets unlawfully converted by her. The plaintiff appeals from a judgment dismissing the action "for lack of jurisdiction with prejudice."

The dispute concerns stocks and bonds of certain American corporations not organized under the laws of Massachusetts.[2] These were found by the defendant Kaltsas in Greece and, to avoid Greek taxes, were brought to Massachusetts, where they were sold by a broker. The proceeds, which exceeded $500,000, were put in an account with the defendant Shearson American Express, Inc., or in bank accounts, standing, in at least some instances, in the name of the defendant as an individual. A probate judge granted a temporary restraining order, enjoining disbursement of these funds. After hearing and findings, he ordered the defendant Kaltsas to post a surety bond in the ancillary administration in the amount of $500,000, and ordered her to account in ancillary administration not only for the assets admitted to be subject to administration here under G. L. c. 199, § 1 (see note 2, *supra*), but also for the proceeds of the non-Massachusetts stocks and bonds. She was also di-

[2] It is agreed that the Massachusetts real estate and stocks of certain private corporations organized in Massachusetts have a situs here and are subject to ancillary administration under G. L. c. 199, § 1. By agreement of all beneficiaries these stocks were sold, and the proceeds, $250,000, are now held in an account standing in the name of the defendant as ancillary administratrix. The stocks and bonds described in the text do not have a situs here. *Callahan* v. *Woodbridge,* 171 Mass. 595, 597-598 (1898). *Kennedy* v. *Hodges,* 215 Mass. 112, 114-116 (1913). *Brooks* v. *Titusville Trust Co.,* 328 Mass. 472, 473-474 (1952). The defendant is not accountable here, as ancillary administratrix, for property received by her as domiciliary executrix. *Feeney* v. *Feeney,* 335 Mass. 534, 537 (1957). This appears to be true even though such property or its proceeds are subsequently brought into Massachusetts. *Martin* v. *Gage,* 147 Mass. 204, 205-206 (1888). The defendant's bond as ancillary administratrix probably does not offer protection against conversion of the securities (or proceeds thereof) not subject to administration in Massachusetts. See *Lawton* v. *National Sur. Co.,* 248 Mass. 440, 445-446 (1924); *Feeney* v. *Feeney, supra.* But see *Koutoudakis* v. *Great American Indem. Co.,* 285 Mass. 466, 468-470 (1934).

rected by temporary orders to return those proceeds to accounts standing in the name of the estate.

After further hearing, the judge ruled that the court lacked subject matter jurisdiction over the proceeds of the non-Massachusetts corporation stocks and bonds, although the proceeds were held in accounts in Massachusetts. He vacated his previous orders concerning those proceeds, except insofar as they required the $500,000 bond to be filed in the ancillary administration action. That bond, he observed, was in an amount more than sufficient to protect the interests of all the "naked owners" in the assets subject to administration in Massachusetts. He ordered dismissal of the equitable action on the jurisdictional ground.

That ruling was erroneous. Where independent grounds exist for the exercise of equity jurisdiction, the fact that a fiduciary will be made to account for his administration in a court of probate jurisdiction does not deprive an equity court of jurisdiction. *Sargent* v. *Wood,* 196 Mass. 1, 4-5 (1907). *Locke* v. *Old Colony Trust Co.,* 289 Mass. 245, 253 (1935). Under the judge's findings concerning Greek law, which are not contested in this appeal, the defendant Kaltsas acted unlawfully in selling the stocks and bonds of the non-Massachusetts corporations and placing the proceeds of the sales in her individual accounts. Similarly, under Massachusetts Law, such an act by an executor or other fiduciary amounts to a conversion, *Holland* v. *Ball,* 193 Mass. 80, 83 (1906), and a breach of fiduciary duty towards those beneficially interested in the estate. *O'Brien* v. *Dwight,* 363 Mass. 256, 283-284 (1973). A faithless executor becomes a constructive trustee of such assets, holding them in his own name for the benefit of the estate, as does a third person holding traceable assets with notice of the facts. *Tingley* v. *North Middlesex Sav. Bank,* 226 Mass. 337, 339-340 (1929). *Locke* v. *Old Colony Trust Co.,* 289 Mass. at 252-253. See *Shaw* v. *Spencer,* 100 Mass. 382, 393 (1868).

Historically courts of equity have exercised jurisdiction to reach converted assets of an estate and to compel restoration. 1 Newhall, Settlement of Estates § 21, at 68-69 (4th ed. 1958). *Mitchell* v. *Weaver,* 242 Mass. 331, 337 (1922). *Buzzell* v.

*Schulz,* 273 Mass. 372, 374-375 (1930). The suit was tradition-
ally prosecuted by an administrator de bonis non, appointed
to represent the estate in place of the faithless executor. See,
e.g., *Tingley* v. *North Middlesex Sav. Bank, supra; Foster* v.
*Bailey,* 157 Mass. 160 (1892); *Locke* v. *Old Colony Trust Co.,*
*supra.* With respect to trusts, the practice was otherwise: any
cestui que trust could bring the suit in his own name to compel
restoration of traceable assets to the trust. *Jones* v. *Jones,* 297
Mass. 198, 204 (1937). *Feeney* v. *Feeney,* 335 Mass. 534,
537 (1957). Restatement (Second) of Trusts § 294 (1959).
Compare *Lowe* v. *Jones,* 192 Mass. 94, 101 (1906). See also
*Simmons* v. *Barns,* 263 Mass. 472, 475 (1928).

By statute, the practice with respect to estates has been
analogized and made to conform to trust practice. General
Laws c. 230, § 5, as appearing in St. 1973, c. 1114, § 145,
provides that, where the executor cannot be expected to bring
an action for return of assets to the estate "by reason of his
interest or otherwise," such an action may be brought by "an
heir, legatee or creditor having an interest in . . . such claim
. . . in like manner as a person beneficially interested in a
trust fund may bring an action to enforce a claim in favor of
such fund . . . ." *Walsh* v. *Mullen,* 314 Mass. 241, 244-245
(1943). See 1 Newhall, *supra,* § 105, at 318-319. That statute
is not by its terms limited to Massachusetts estates. There is
no reason why its policy should not apply to foreign estates,
assets of which have been converted and are located in Massa-
chusetts. The exercise of such equitable jurisdiction here does
not derogate from the authority of the domiciliary court ulti-
mately to adjudicate rights in estate property subject to
domiciliary administration. Rather, it acts in aid of that author-
ity by securing and preserving estate property in order that the
judgment of the domiciliary court may be given effect when
rendered.

After the argument of this case the parties furnished us on
two occasions with decisions of Greek courts relative to the
estate of Paul Harry Kaltsas. The first decision appears to have
had the effect of requiring the defendant to post a substantial
bond (secured by a letter of credit) relative to the domiciliary

administration. The second denied a motion by the plaintiff to have the defendant removed as domiciliary executrix. The precise effect of these decisions, as translated, is not wholly clear, and further evidence may be necessary to permit an accurate assessment of the plaintiff's need for further protection in respect to the proceeds of the stocks and bonds in question. All that we decide here is that a Massachusetts court of equity jurisdiction is empowered to enter orders to protect the beneficial owners of bank and brokerage accounts held in Massachusetts, despite the fact that property rights therein must ultimately be adjudicated by a foreign court.[3]

The judgment is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[3] The award to the defendant of costs, which are in this case substantial, should be reconsidered by the probate judge in light of the holding here that the court does have jurisdiction over the claim. As further evidence must be received in any event, reconsideration should also be given to the order denying the plaintiff's belated motion to amend the complaint to allege the conversion of assets other than the stocks and bonds considered in this opinion. See *Castellucci* v. *United States Fid. & Guar. Co.,* 372 Mass. 288, 289 (1977).