MARY AGNES CONSEDINE *vs.* JOYCE P. CONSEDINE.

No. 93-P-1484.

Hampden. April 12, 1995. - August 9, 1995.

Present: DREBEN, KASS, & GREENBERG, JJ.

*Fiduciary. Restitution. Unjust Enrichment. Jurisdiction*, Foreign estate.

A Superior Court judge acted properly in exercising equitable jurisdiction to preserve the assets of a foreign estate that had been converted in Massachusetts and to protect the interests of a Massachusetts resident in receiving her rightful share of the estate property, where the court had jurisdiction over the person who had converted the property. [67-68]

In a civil action, final judgment was correctly entered against the defendant in both her individual and her fiduciary capacity in accordance with Mass.R.Civ.P. 54 (6). [68-69]

CIVIL ACTION commenced in the Superior Court Department on July 8, 1991.

The case was heard by *William H. Welch*, J.

The case was submitted on briefs.

*Donald P. Conway* for the defendant.

*Kathleen A. Richard* for the plaintiff.

KASS, J. On the ground, primarily, of a want of subject matter jurisdiction, Joyce P. Consedine, widow of John W. Consedine and administratrix of his estate, appeals from an order of a Superior Court judge to pay to Mary Agnes Consedine, the decedent's mother, the sum of $30,000 plus interest.[1] We affirm.

The precise details of John Consedine's death, which occurred in Pottsville, Pennsylvania, in 1980, are murky but not essential to decision. We do know that his estate filed a

---

[1]While the captions of the court's findings and judgment on the findings refer to Joyce Consedine as "executrix," the text of the findings, as well as the attorneys' briefs, correctly refer to her as "administratrix."

wrongful death action against a Swiss Chalet motel where John Consedine had been drinking prior to a fatal accident that precipitated his death.[2] Joyce Consedine, acting in her capacity as administratrix of her late husband's estate, settled the claim against the motel for $120,000. The instant case arose when Mary Agnes Consedine brought an action in Superior Court against Joyce Consedine, seeking her share of the settlement proceeds as an heir of her son's estate.

Pennsylvania law entitles a widow to the first $20,000 of her spouse's estate when there are no children, and to share any amount in excess of that sum with the decedent's remaining heirs. John Consedine had no children. The Superior Court judge who heard the case (sitting without jury in Hampden County) found that after deducting $40,000 for attorney's fees and $20,000 for Joyce Consedine's share as widow of the decedent, there remained a balance of $60,000 from the settlement proceeds to be divided between Joyce Consedine and the only remaining heir, Mary Agnes Consedine. The judge further found that instead of distributing the requisite $30,000 to Mary Agnes Consedine, Joyce Consedine kept the entire $60,000 for herself and refused to account for the money. On the strength of his findings, the judge ordered Joyce Consedine to pay Mary Agnes Consedine her due share of the settlement proceeds, namely, $30,000 plus interest.

Joyce Consedine contends on appeal that the Superior Court's judgment is void because the court lacked jurisdiction to determine any claims asserted against a fiduciary appointed by a Pennsylvania court, and because the court had no authority to order the distribution of assets of a foreign

---

[2]At the time of his death, John Consedine was married to a second wife, Mary Ellen Consedine, although the legitimacy of this latter marriage remains uncertain in light of the assertion by Joyce Consedine that she never divorced the decedent. In any event, the court originally appointed Mary Ellen Consedine as administratrix of the decedent's estate. Upon reaching an agreement with the necessary parties as to which assets she would keep, Mary Ellen Consedine subsequently relinquished her position as administratrix to Joyce Consedine. The assets remaining in the estate consisted of $13,300 and the cause of action for John Consedine's death.

estate. Joyce Consedine further contends that the court failed to issue a final judgment in accordance with Mass.R.Civ.P. 54(b), 365 Mass. 820 (1974), because the judgment only referred to her individually as heir of the estate and neglected to determine the claim against her as administratrix.

1. *Equitable jurisdiction over the administration of a foreign estate.* It is uncontested that John Consedine was a domiciliary of Pennsylvania at the time of his death, that his fatal accident occurred in Pennsylvania, that his estate was probated in Pennsylvania, that Joyce Consedine was appointed as administratrix of her late husband's estate, that the administratrix filed and settled the wrongful death claim in Pennsylvania, that John Consedine left no assets in Massachusetts, and that no administration was filed in Massachusetts. It is also uncontested that Joyce Consedine and Mary Agnes Consedine both currently (including at the time the action was filed) reside in Springfield, Massachusetts. The Superior Court judge made ultimate findings that Joyce Consedine took possession or control of the proceeds from the settlement of the wrongful death claim and unlawfully withheld Mary Agnes Consedine's share. Those findings are supported by the record and, significantly, are not refuted by the appellant.

The court's order for restitution was consistent with the fundamental tenet that "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." Restatement of Restitution § 1 (1937). See also Restatement (Second) of Restitution § 1 (Tent. Draft No. 1, 1983) and § 45 (Tent. Draft No. 2, 1984). For her part, Joyce Consedine invokes the long-standing rule that a fiduciary appointed by a court in a particular State remains accountable only in the courts of that State. *Jenkins* v. *Lester*, 131 Mass. 355, 357 (1881). *Emery* v. *Batchelder*, 132 Mass. 452, 452 (1882). The rule, however, is not absolute. In each of the cases just cited, a question had been raised as to what the duties of the fiduciary (in the *Jenkins* case, a trustee under a testamentary trust and in the *Emery* case, an executor) were under the law of the State of probate

administration. Here, there is no question as to the fidiciary's duty under Pennsylvania law. In such cases, the rule does not immunize the administratrix from the equitable jurisdiction of Massachusetts courts. See *Kaltsas* v. *Kaltsas*, 22 Mass. App. Ct. 689, 691 (1986). As to the duty of a fiduciary, see *Holland* v. *Ball*, 193 Mass. 80, 83 (1906); *O'Brien* v. *Dwight*, 363 Mass. 256, 283-284 (1973).

When the assets of a foreign estate have been converted and are located in Massachusetts, an heir with an interest in the assets may bring an action in Massachusetts without impinging upon the ultimate authority of the domiciliary court to adjudicate the rights of the parties in the estate property. *Kaltsas* v. *Kaltsas*, 22 Mass. App. Ct. at 692. See also G. L. c. 230, § 5. Such actions buttress the authority of the domiciliary court by assisting in the preservation of the estate property and insure that the judgment of the domiciliary court will be honored. *Ibid.* So here, the Superior Court acted properly in exercising its equitable jurisdiction both to preserve the property in John Consedine's estate which had been converted in Massachusetts and to protect the interest of Mary Agnes Consedine in receiving her rightful share of the estate property.

Finally, whether the court acted properly by exercising jurisdiction over a foreign fiduciary is inconsequential to the matter at hand since describing the widow by her official title in this case was "mere surplusage." *Talmage* v. *Chapel*, 16 Mass. 71, 72-73 (1819). Of consequence was the jurisdiction of the court over Joyce Consedine, individually, as widow of the decedent, and the concomitant authority of the court to require her to observe her legal obligation to share the settlement proceeds with Mary Agnes Consedine.

2. *Entry of final judgment as to all of the parties.* The judgment issued by the Superior Court refers to the defendant in this action as "Joyce P. Consedine, individually and as Executrix[3] of the Estate of John Consedine." Notwithstanding Joyce Consedine's argument to the contrary, the court's

---

[3]See *supra* note 1.

findings, rulings, and judgment are complete and in accordance with Mass.R.Civ.P. 54(b), in that they expressly order Joyce Consedine, acting both individually and as "executrix," to disgorge the sum of $30,000 to the rightful recipient, Mary Agnes Consedine. Cf. *New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 677-678 (1977). *Bragdon* v. *Bradford O. Emerson, Inc.*, 19 Mass. App. Ct. 420, 422-423 (1985).

*Judgment affirmed.*